Delivered December 5 1890.

| 79 | 33 |
| 82 | 609 |
| 79 | 33 |
| 87 | 219 |

A. E. McCarty et al. v. Gulf, Colorado & Santa Fe Railway Company.

### No. 3247

1.   **Limited Liability by Railway Company.**—It must be regarded as the settled law of this court that a contract limiting the liability of a railway company to injuries resulting upon its own line is valid..

2.   **Limitation Within Which Suit Shall be Brought.**—A clause in a shipping contract requiring that suit for damages be filed within forty days after the right accrues is valid, and when suit was not brought within the time it was proper to charge such failure as a defense, unless it be shown that the plaintiffs could not by reasonable diligence have brought their suit within the forty days.

3.   **Station Agent.** — A contract by a station agent for cars to be furnished at his station at a given time is binding upon the railway company in whose employ he is.

4.   **Penalty for Not Furnishing Cars—Statutes Construed.**—The Act of July 4, 1887 (Sayles' Civil Stats.. arts. 4227a, 4227b, par. 2), was enacted for the purpose of prescribing rules by which the shipper would have the right to recover a penalty in case the carrier failed to furnish the cars at the time specified.   For such purpose the contract must be made by the "superintendent or person in charge of transportation." This statute in no way limits the liability for damages for breach of a contract, in which case it is only necessary to show a valid contract and the extent of injury from its breach.

5.   **Practice—Charge.**—Suit was upon two causes of action:   (1) Breach of parol contract for cars to carry the cattle desired to be shipped.   (2) Delay and injury to the cattle on the route.   The defendant pleaded a written contract for shipment, limiting

damages to injuries upon the line of the defendant company, and that suit be brought within forty days after the cause of action. The court charged generally the limitation of forty days as a defense. *Held*, erroneous, as the written contract in which the express limitation was contained had no effect upon the parol contract for the supply of the necessary cars, etc.

APPEAL from Ellis. Tried below before Hon. Anson Rainey.
The opinion gives a statement.

*D. F. Singleton, G. C. Groce*, and *M. B. Templeton*, for appellants.— 1. The court erred in instructing the jury that they must believe from the evidence that the depot agent at Ballinger had authority to contract, without charging that the defendant would be bound by the acts of said agent if it held him out as its agent or permitted him to so hold himself out, or if it (defendant) ratified his acts in the premises. 61 Texas, 491.

2. A railroad company can contract to deliver freight at a point beyond its own line, and a breach of such contract would subject it to damages. There being ample evidence to support this theory of the case, it was error to withdraw it from the jury. Railway v. Allison, 59 Texas, 193.

3. While it is true that by reason of the statute requiring railway companies to receive freight, etc., a connecting railway is not responsible for damages not occurring on its line, even under a through contract, yet the first and contracting company can not shield itself under this rule. While the statute compels it to receive and ship the freight over its line, it is not compelled to contract to deliver the freight in Chicago. It voluntarily entered into it and can not limit its common law liability by inserting other provisions in the contract. 59 Texas, 193.

4. The court erred in failing and refusing to charge the jury applicable to the facts of the case as made by the pleadings and evidence, in this: Plaintiffs declared on a verbal contract to furnish cars by a certain date, a breach of said contract by defendant in failing to furnish said cars, and damage to plaintiffs on account thereof. The court did not submit this issue to the jury, but treated defendant's liability as entirely under the written contract.

5. Plaintiffs' pleadings declare upon a contract to furnish cars on a certain date, a breach of said contract on the part of defendant, and damage accruing therefrom. If there was evidence to support these allegations the court should not have ignored this issue in the case and treated (as he did) the defendant's liability altogether under the written contract pleaded by it, notwithstanding the greater part of the damage accrued before the signing of any contract at all. 61 Texas, 491.

6. (1) The forty days clause is a limitation of defendant's common law liability and in contravention of the statute. Rev. Stats., art. 278. The

decision of this court to the contrary is believed to be wrong and based upon a line of decisions not rendered under similar statutory provisions.

(2)  At any rate defendant pleaded this limitation in defense, it pleaded (as was necessary) that the limitation was reasonable.   Holding the affirmative of the issue, the burden of the proof was on the defendant not only to produce the contract, but to show that it was, under all the circumstances of this case, a reasonable provision.   The charge complained of put the burden of proof on plaintiffs.   69 Texas, 320; 67 Texas, 166.

(3)  If the forty days limitation clause is good at all, it can not possibly apply to the damages which previously accrued and resulted from a breach of defendant's verbal contract to furnish cars on a day certain.

*Alexander & Clark* and *J. W. Terry,* for appellee.—1. It was necessary in order to render defendant liable for alleged contract for furnishing cars that the agent have authority to act for it in such behalf.   It would have been error for the court to have submitted the question as to defendant ratifying the alleged acts of agent agreeing to furnish cars, as there were no allegations by plaintiff as to ratification by defendant of his acts nor as to defendant holding him out as anything else than depot agent. Wood v. Railway, 21 Am. and Eng. Ry. Cases, 36; Sayles' Civ. Stats, art. 4227.

2.   The charge of the court properly limited the liability of defendant to its own line.   Railway v. Baird, 75 Texas, 255; Hunter v. Railway, 76 Texas, 195.

Counsel also cited Ins. Co. v. Ice Co., 64 Texas, 578; Railway v. Leak, 64 Texas, 654; Cockrill v. Cox, 65 Texas, 669; Box v. Word, 65 Texas, 159; Railway v. Brazzil, 72 Texas, 233.

STAYTON, Chief Justice.—Appellants sue to recover for injury to cattle resulting from two causes, for both of which it is claimed appellee is liable.

1.   It is claimed that appellee contracted to furnish cars and to receive appellants' beeves on September 24, 1887, for transportation from Ballinger, Texas, to Chicago, Illinois, but that appellee failed to do this until four days afterwards, whereby they were damaged on account of deterioration of cattle while held at or near place of shipment, where the pasturage was not good; and further, that on account of this delay appellants were compelled to incur expenses that would not have been necessary had the cars been furnished and the beeves shipped as per contract set up by appellants.

2.   It is claimed that the beeves were roughly handled after they were received, and that there was unreasonable delay in transportation, which caused increased expense, deterioration of the cattle, and loss in other ways.

It was claimed that the contract to furnish cars and receive the beeves on the 24th September was made by the railway company's station agent at Ballinger, and his authority to make such a contract, as well as the fact whether he assumed to do so, was controverted.

Appellee alleged that the beeves were shipped under a written contract which contained the following stipulations: "It is further agreed between the parties hereto that in case the livestock mentioned herein is to be transported over the line or lines of any other railroad or steamboat company the said party of the first part shall be relieved from liability of any kind after said livestock shall have left its road, and the party of the second part hereby so expressly stipulates and agrees; the understanding of both parties hereto being that the party of the first part shall not be held or deemed liable for anything beyond the line of the Gulf, Colorado & Santa Fe Railway, excepting to protect the through rate of freight named herein.

"Now in consideration that the said party of the first part will transport for the party of the second part five car loads of cattle from Ballinger to McGregor Station, delivering it at last named station to its connecting lines for transportation to Chicago, at the rate of $102.50 per car load from Ballinger to Chicago, Illinois, the same being a special rate, lower than the regular rate mentioned in their tariff, the said party of the second part hereby agrees and stipulates that in consideration of such special rate and reduction, with full knowledge of the common law and statutory liabilities of common carriers, that he expressly waives, releases, and relinquishes to said railway company all right, interest, or claim to any damage or damages, future or prospective, which said party of the second part might have claimed by reason of delay, injury, or otherwise in case this waiver or release had not been inserted in this contract, except such only as a private carrier might be liable for, and from any liability for any delay in shipping said stock after the delivery thereof to the agent of said party of the first part, or for any delay in receiving the same after being tendered to said agent.

"It is further hereby and herein expressly and mutually agreed that no suit or action against this company for recovery of any claim by virtue of this contract shall be sustainable in any court of law or chancery unless such suit or action shall be commenced within forty days next after the damage shall have accrued; and should any action be commenced after the expiration of the aforesaid forty days the lapse of time shall be taken and deemed conclusive evidence against the validity of such claim, any statute or limitation to the contrary nothwithstanding."

The contract was proved as alleged, and it was shown that the beeves were transported on appellee's road after they were received from Ballinger to McGregor without injury or unnecessary delay, and that at the latter place they were turned over to another railway company, as was by the parties contemplated, for further transportation.

There may have been unnecessary delay and rough handling after the beeves left the appellee's road, but it is not liable under the contract for any damage resulting from that. It must be regarded as the settled law of this court that the contract limiting appellee's liability to injuries resulting on its own line was valid.

The court gave the following instruction: "You are instructed that if you believe from the evidence that plaintiffs contracted with defendant's agent at Ballinger that defendant would furnish cars in which to ship cattle at a time certain, and that said agent had authority to so contract, and you further believe that defendant failed to receive and ship said cattle at the time agreed upon, and that by reason of the failure to receive and ship said cattle plaintiffs were damaged, then plaintiffs are entitled to recover."

It is urged that the giving of this charge was error.

The charge was correct, for if the agent at Ballinger did not have authority to contract actually conferred, arising from the nature of the business entrusted to him or to be inferred from the course of business pursued, then a contract made by him was not binding on the company.

As the charge was not incorrect as a legal proposition, if appellants desired a ruling from the court in the way of an instruction to the jury as to the power a station agent in charge of a railway company's business at a shipping point has, then such a ruling should have been sought by tendering a proper instruction upon that point.

This was not done. In Easton v. Dudley, 78 Texas, 236, it was in effect held that a railway station agent has power to contract that the company will furnish cars at a named place and day for transportation of freight, and that by a contract so made the company will be bound, notwithstanding such a power may not have been expressly conferred on him.

For the reasons given in the opinion in that case, we think the rule therein stated to be the correct one. The rule is thus well stated by an elementary writer: "Unless some special reasons known to the shipper restrict the general powers of the agent, the public have a right to assume that the agents of carriers, whether corporations or not, and whether such agents be local or general, have the right to bind such carriers by contracts with their employers in the particular line of business in which they are employed or are represented or held out as being employed, and within the scope of the business of their principals." Hutch. on Carr., 269, 267, 268.

Appellee, however, contends that the Act of July 4, 1887, provides that such a power can only be exercised by the "superintendent or person in charge of transportation," unless it be expressly conferred on some other person; that the statute determines who alone shall have power to contract for the furnishing of cars at a time and place named.

The statutes relied upon are found in Sayles' Civil Statutes, articles 4227a, 4227b, paragraph 2.

Those statutes evidently were enacted not for the purpose of determining who should have power to make such contracts, but for the purpose of prescribing rules by compliance with which the shipper should have the right to recover a penalty in case the carrier failed to furnish cars within the time specified for transportation of freight tendered.

If the shipper desires to recover the penalty he must entitle himself to it by compliance with the law, but if he desires only to recover compensation for breach of contract it is only necessary for him to show a valid contract, its breach, and extent of injury.

The fourth assignment is: "The court erred in failing and refusing to charge the jury applicable to the facts of the case as made by the pleadings and evidence, in this: Plaintiffs declared on a verbal contract to furnish cars by a certain date, a breach of said contract by defendant in failing to furnish said cars, and damage to plaintiffs on account thereof. The court did not submit this issue to the jury, but treated defendant's liability as entirely under the written contract."

This assignment is not sustained by the record, for in addition to the charge already noticed the court correctly instructed the jury as to the measure of damages in the event the jury believed from the evidence that the verbal contract to furnish cars on the 24th of September was made and violated, and appellants asked no instruction whatever.

The court gave the following instruction: "Plaintiffs having contracted to bring suit within forty days after their right of action accrued, and having failed to bring this suit within that time, they will not be entitled to recover unless they show to you by the evidence that they could not by reasonable diligence have brought their suit within forty days of the accrual of their right to sue. If you believe they were not so prevented from suing within said time you will find for defendant."

This action was not brought until January 28, 1889; no reason is shown why it was not sooner brought, and appellants had knowledge of any injury received for which appellee would be liable as soon as it occurred, for one or the other of them was with the cattle from the time they were brought to Ballinger for shipment until they left McGregor.

It is urged that the charge was erroneous in respect to every cause of action asserted by plaintiffs, and especially so as to a cause of action arising distinct from the shipping contract and before it was made. In so far as plaintiffs based their action on the written contract, the charge was as favorable as appellants were entitled to.

The charge of the court, however, made the delay to bring suit within forty days, unless excused for some reason, a bar to the action so far as based on breach of contract to furnish cars and receive the beeves on September 24, 1887, as well as to the other causes of action relied upon.

The cause of action for failure to furnish cars on day agreed, if such a contract was made, did not arise on the written shipping contract, and that only required appellants to bring an action within forty days after injury resulted or otherwise be barred "from recovery of any claim by virtue of this contract."

This charge was erroneous as to one of the causes of action, and was of such a nature as probably to control the finding of the jury.

Whether the cause of action not affected by the stipulation as to time within which suit should be brought was released, was not considered in the court below so far as can be seen from the charge, and it would perhaps be unjust for this court now to attempt, on the record before us, to dispose of the case on that issue. On account of the charge referred to, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 5, 1890.