A. C. JAMES, *Appellee*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellant*.

No. 15,812.

### SYLLABUS BY THE COURT.

RAILROADS — *Injury to Passenger — Negligent Operation of Trains.* A car of a freight-train moving about thirty miles an hour between stations was ignited by sparks from the engine. The conductor discovered the fire and announced it to several passengers in the caboose. One of them ran to the rear platform and was looking forward along the side of the train when a severe lurch caused by the application of the brakes by the engineer threw him to the ground, causing severe injuries. In an action to recover damages therefor,

*held:* (*a*) Evidence that the conductor called out in a loud
voice and excited manner within the hearing of the passen-
gers that the train or a car was on fire, and that thereupon
the plaintiff became excited and alarmed and ran to the rear
platform to see where the fire was and what danger he was in,
if any, and to provide for his safety if there was any danger
from fire, his injury resulting from his being upon the plat-
form while the train was suddenly stopped, does not tend to
establish such negligence on the part of the conductor as to
render the company liable. (*b*) Evidence that the lurch which
threw the plaintiff to the ground was caused by the engineer
making an emergency application of the air brakes, and that
the train could have been stopped almost as quickly and
with less jolting by a more gradual application, resulting in
an ordinary, or service, stop, does not tend to establish such
negligence on the part of the engineer as to render the com-
pany liable. (See opinion on rehearing, *post,* p. 27.)

Appeal from Marion district court; OSCAR L. MOORE,
judge. Opinion filed March 6, 1909. Reversed. Re-
hearing allowed June 12, 1909. Second opinion filed
November 6, 1909. Affirmed.

*M. A. Low, Paul E. Walker,* and *J. D. McFarland,*
for the appellant.

*W. H. Carpenter,* for the appellee.

The opinion of the court was delivered by

MASON, J.: A. C. James, with four other passengers,
was riding in the caboose of a freight train on which he
had cattle in shipment. Sparks from the engine ignited
hay in one of the cars. The conductor discovered the
fire and uttered an exclamation regarding it. James ran
to the rear platform, from which he fell, receiving seri-
ous injuries, on account of which he brought an action
against the railway company, recovering a judgment to
reverse which this action is brought.

A number of questions have been argued, but the
view taken of the matter by this court makes it neces-
sary to consider only this one: Did the evidence tend
to charge the company with actionable negligence
either (*a*) by reason of the manner in which the con-

Railway Co. v. James.

ductor and brakeman announced to the passengers the existence of the fire or (*b*) by reason of the fact that the engineer, by using the emergency brake instead of a less abrupt means of stopping the train, caused an unnecessary lurch of the caboose?

The evidence necessary to a determination of the first part of this inquiry is found largely in the testimony of the plaintiff, and may be fairly summarized thus: The train was between stations, running about thirty miles an hour. About noon the conductor, who was seated in the cupola, said in an excited manner and in a voice so loud that the passengers heard him distinctly above the rumbling of the train, either "This damn train is burning" or "That damned car is afire." He then climbed to the top of the caboose through the cupola window. A brakeman who had been in the cupola at once jumped to the floor and said "Take buckets" or "Grab buckets," adding something about the fire. The plaintiff, being much excited and alarmed by the word "fire," rushed to the rear of the car to see where the fire was, and what danger he was in, if any, and to provide for his safety if there was danger from fire. He went out upon the platform, descended to the first step, and looked up the side of the train, when a lurch of the car threw him off.

The theory of the plaintiff is that the conduct of the conductor and brakeman was of such a nature that the effect produced on the plaintiff could reasonably have been anticipated, and that it was negligence to communicate to him the fact of the fire in such a manner. This feature of the case turns upon the soundness of this contention. None of the cases cited by either party is of any special value in determining this question. Of course a panic might well be regarded as the natural result of an abrupt announcement of a fire made on a vessel at sea, or in a crowded auditorium, or even in any large building. But the possible peril to passengers in a caboose from a fire elsewhere in the train is not so imminent or so great as to present an analogous

situation. If the action of the trainmen in announcing the fire did constitute negligence it must be because it was their duty either to conceal from the plaintiff the fact of the fire or in telling him of it to caution him to remain in the car, or at least to advise him that he was in no personal danger. The words used contained nothing to suggest any dangerous condition beyond the mere fact that a car somewhere on the train was on fire. They were not addressed specifically to the passengers. That they were spoken loudly did not add to or change their meaning. And their significance could not be affected by their having been uttered in what the plaintiff regarded as an excited manner. The expression used by the conductor suggested the excitement of irritation rather than of fear. This court is of the opinion that as a matter of law it was not negligence for the trainmen to inform the passengers of the existence of a fire on the train, or to give the information without any accompanying assurance that there was no immediate danger, or to make the announcement in a loud voice and in a manner deemed to show excitement.

The direct evidence on the subject of the engineer's conduct was that on his discovery of the fire the train was brought to a standstill by the ordinary, or service, stop. There was such evidence, however, of the different effects ordinarily produced, according to how the air brake is used, and of the degree of jolting that actually resulted in this instance, as to leave room for the inference that in fact an emergency application was made. For the purposes of the case, therefore, the evidence must be deemed to have established that the emergency stop was used instead of the service stop. The time thereby saved is shown to have been slight, and the argument is made in behalf of the plaintiff that the more gradual method would have answered the purpose as well as the abrupt one that was employed; and that the lurch of the caboose that caused his fall was due to the unnecessarily sudden application of the

Railway Co. v. James.

brake, which therefore constituted actionable negligence. In the solution of this question, as of that already discussed, little aid is to be had from the decisions. The general principle is not doubtful; the only difficulty lies in its application. The court concludes, however, that where an engineer of a freight train containing cattle, the shippers of which are riding in the caboose, discovers while between stations a fire in one of the cars, he is justified in bringing his train to a stop as soon as is consistent with safety to the passengers while in the caboose, and his use of the speediest means to accomplish that purpose, although it necessarily results in more or less severe jolting, can not be regarded as such negligence as to charge the railway company with liability for injuries resulting to a passenger standing on the platform of the caboose of whose presence in that place he had no knowledge.

It results from this view that the demurrer to the plaintiff's evidence should have been sustained, and on that account the judgment is reversed.

JOHNSTON, C. J., MASON, BENSON, JJ., dissenting.

---

## OPINION ON REHEARING.

### SYLLABUS BY THE COURT.

1. RAILROADS—*Negligent Operation of Trains—Announcement of a Fire.* Where the conductor of a freight train, while riding in the caboose with a number of passengers, discovers that one of the cars is on fire and announces the fact in a loud voice and excited manner, his conduct may be such as naturally to lead the passengers to suppose that the interior of the caboose has become a place of danger and to seek safety on the platform; and, *held,* that under the facts of this case whether his conduct was of that character was a question for, the jury.

2. ——— *Negligently Causing Passenger to go upon Platform.* It is negligence for a conductor to cause a passenger to go upon the platform unnecessarily at a time when a sudden stopping of the train is to be expected.

3. CONTRACTS — *Accrual of Action — Provision for Notice and*

*Limiting Time for Bringing Action.* Where a contract provides that no suit shall be brought upon it unless within six months after a cause of action shall accrue, and that the giving of a notice within a fixed time shall be a condition precedent to the bringing of such suit, assuming these provisions to be valid, the six months within which the suit must be brought does not begin to run until the notice is given.

The opinion of the court was delivered by

MASON, J.: The facts are stated in the original opinion. The vital inquiry for the further consideration of which a rehearing was granted is this: Did the evidence justify the trial court in submitting to the jury the question whether the words and conduct of the conductor and brakeman on the discovery of the fire were such as naturally to lead the plaintiff to suppose that by reason of it the interior of the caboose had become a place of danger, and to seek safety on the platform? If so, the verdict must stand, for of course it is negligence for trainmen to cause a passenger to go upon the platform unnecessarily at a time when a sudden stopping of the train is to be expected. If the conductor had called out that a collision or wreck was imminent, or had warned the passengers to leave the car, a rush to escape would obviously have been a natural consequence. That a fire in any part of a freight train could occasion immediate peril to the occupants of a caboose, but seven in number, seems very unlikely. But the court concludes that an announcement of a fire under such circumstances might be made in so sudden, startling and alarming a manner as naturally to cause a momentary panic, and that whether the announcement made in this case was of that character is a question upon which reasonable minds might differ and therefore was a fair matter for the determination of the jury.

The plaintiff in shipping his cattle signed a contract containing a provision that no suit should be brought by him to recover any claim by virtue of it, unless within six months after the cause of action should "oc-

cur," obviously. meaning "accrue." The injury was received July 9, 1905, and the action was brought January 10, 1906. The contract also provided that as a condition precedent to the bringing of any suit for damages for any injury to persons or property covered by it the claimant should give the company notice of the claim within ninety days after the injury. Such a notice was given in September, 1905. Therefore, assuming that the contract was valid, the suit was brought in due time, for the cause of action did not accrue until the giving of the notice, and the plaintiff had six months thereafter in which to file his petition. The judgment is affirmed.

BURCH, PORTER, JJ., dissent on the grounds stated in the original opinion.