## JOHN D. COOK v. NORTHERN PACIFIC RAILWAY COMPANY.

(155 N. W. 867.)

**Congress — Carmack amendment — state regulations — contracts — interstate shipments — freight.**

    1. Under the Carmack amendment (act of Congress of June 29, 1906) it was the clear intention of Congress to remove from the realm of state regulations and restrictions all contracts involving interstate shipments of freight and live stock.

**Carriers — interstate shipments — common law — common carrier — special contract — with shipper — limitation of liability — just and reasonable — negligence.**

    2. The liability imposed by the Federal statutes upon carriers of interstate shipments is the liability imposed by the common law upon a common carrier; and such liability may be limited or qualified by special contract with the shipper,

---

Note.—By the great weight of authority, a carrier may stipulate in his contract of shipment that, as a condition precedent to bringing suit for any loss or injury to live stock, the shipper must give notice of his claim within a certain time, or before the stock is taken from the place of destination or delivery, or is mingled with other stock. But it is just as generally held that the requirements of the stipulation as to time must be reasonable, and not of such a nature as to work undue hardship upon the shipper, or unduly permit the carrier to escape the consequences of his negligence. But what is a reasonable stipulation in one case may not be in another, and, as shown by a review of the authorities in a note in 7 L.R.A.(N.S.) 1041, the courts not infrequently determine the reasonableness or unreasonableness of the time allowed with reference to the actual facts as they afterwards developed, that is, with reference to the question whether the time allowed proved, under all the circumstances of the case as they afterward developed, reasonably sufficient for the shipper to ascertain the nature and extent of his loss or damage, and to give notice of his claim.

provided the limitation or qualification be just and reasonable, and does not exempt the carrier from liability due to its negligence.

**Special contract — stipulation — damages — action — live stock — time limit to bring action — unreasonable and void.**

3. A stipulation in such special contract, that no action to recover damages for loss or injury to live stock, etc., shall be sustained unless commenced within sixty days after the damage shall occur, is held unreasonable and void.

Opinion filed September 20, 1915.

Appeal from District Court, Stutsman County; *J. A. Coffey,* J.

Action by John D. Cook against the Northern Pacific Railway Company.

From a judgment in defendant's favor, plaintiff appeals.

Reversed and remanded for a new trial.

*Knauf & Knauf* and *S. E. Ellsworth,* for appellant.

"Everything that the jury might reasonably infer from the evidence is to be considered as admitted." Cameron v. Great Northern R. Co. 8 N. D. 124, 77 N. W. 1016, 5 Am. Neg. Rep. 454.

"Every stipulation or condition in a contract by which any party thereto is restricted from enforcing his rights under the contract by the usual legal proceedings in the ordinary tribunals, or which limits the time within which he may thus enforce his rights, is void." Comp. Laws 1913, § 5927; Adams Exp. Co. v. Croninger, 226 U. S. 491, 57 L. ed. 314, 44 L.R.A.(N.S.) 257, 33 Sup. Ct. Rep. 148; Act of June 29, 1906, 34 Stat. at L. 584, chap. 3591, Comp. Laws 1913, § 8563.

Whether or not such a contract is reasonable is a question for the court to determine, and in each case depends upon the peculiar circumstance disclosed by the evidence. New York C. R. Co. v. Lockwood, 17 Wall. 357, 380, 381, 21 L. ed. 627, 640, 641, 10 Am. Neg. Cas. 624; Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. ed. 556.

"In an action where there is a plea of a special contract in defense, limiting or conditioning the carrier's liability, the burden is upon the carrier not only to show a valid special contract, but also to allege and prove the facts and circumstances showing the stipulations to be reasonable. Houtz v. Union P. R. Co. 33 Utah, 175, 17 L.R.A.(N.S.) 628, 93 Pac. 439; Texas & P. R. Co. v. Reeves, 90 Tex. 499, 59 Am. St.

Rep. 830, 39 S. W. 564; Central Vermont R. Co. v. Soper, 8 C. C. A.
341, 21 U. S. App. 24, 59 Fed. 888; Adams v. Colorado & S. R. Co.
49 Colo. 475, 36 L.R.A.(N.S.) 412, 113 Pac. 1010.

A limitation of time within which to bring action may be waived
by failure to object to the form of a defective notice, or by any conduct
of the carrier calculated to induce, and which has induced, the owner to
delay the bringing of suit beyond the time stipulated.   6 Cyc. 509, and
cases cited; Gulf, C. & S. F. R. Co. v. Stanley, 89 Tex. 42, 33 S. W.
112.

*Watson & Young* and *E. T. Conmy,* for respondent.

The shipment here in question is interstate, and comes under the
Carmack amendment to the Hepburn act, and the decisions of the
Federal and United States courts are controlling.   Chicago, M. & St.
P. R. Co. v. Solan, 169 U. S. 133, 42 L. ed. 688, 18 Sup. Ct. Rep. 289;
Pennsylvania R. Co. v. Hughes, 191 U. S. 477, 48 L. ed. 268, 24 Sup.
Ct. Rep. 132; Hepburn Act of June 29, 1906, 34 Stat. at L. 584,
chap. 3591, Comp. Stat. 1913, § 8592; Adams Exp. Co. v. Croninger,
226 U. S. 491, 57 L. ed. 314, 44 L.R.A.(N.S.) 257, 33 Sup. Ct. Rep.
148; Northern P. R. Co. v. Washington, 222 U. S. 370, 56 L. ed. 237,
32 Sup. Ct. Rep. 160; Southern R. Co. v. Reid, 222 U. S. 424, 56 L.
ed. 257, 32 Sup. Ct. Rep. 140; Second Employers' Liability Cases
(Mondou v. New York, N. H. & H. R. Co.) 223 U. S. 1, 56 L. ed.
327, 38 L.R.A.(N.S.) 44, 32 Sup. Ct. Rep. 169, 1 N. C. C. A. 875;
Chicago, B. & Q. R. Co. v. Miller, 226 U. S. 513, 57 L. ed. 323, 35
Sup. Ct. Rep. 155; Chicago, R. I. & P. R. Co. v. Cramer, 232 U. S.
490, 58 L. ed. 697, 34 Sup. Ct. Rep. 383; Chicago, St. P. M. & O. R.
Co. v. Latta, 226 U. S. 519, 57 L. ed. 328, 33 Sup. Ct. Rep. 155;
Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 57 L. ed. 690,
33 Sup. Ct. Rep. 397; Bartles Northern Oil Co. v. Jackman, 29 N. D.
236, 150 N. W. 576.

The condition in the contract requiring that suit be commenced in
two months is valid and enforceable.   Adams Exp. Co. v. Croninger,
226 U. S. 491, 57 L. ed. 314, 44 L.R.A.(N.S.) 257, 33 Sup. Ct. Rep.
148; Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 57 L. ed. 417, 33
Sup. Ct. Rep. 192, Ann. Cas. 1914C, 176; York Mfg. Co. v. Illinois
C. R. Co. 3 Wall. 107, 18 L. ed. 170; New York C. R. Co. v. Lockwood,
17 Wall. 357, 21 L. ed. 627, 10 Am. Neg. Cas. 624; Southern Exp.

Co. v. Caldwell, 21 Wall. 264, 22 L. ed. 556; Hart v. Pennsylvania R. Co. 112 U. S. 331, 28 L. ed. 717, 5 Sup. Ct. Rep. 151; Central Vermont R. Co. v. Soper, 1 C. C. A. 341, 59 Fed. 879; Ginn v. Ogdensburg Transit Co. 29 C. C. A. 521, 57 U. S. App. 403, 85 Fed. 985; Cox v. Central Vermont R. Co. 170 Mass. 129, 49 N. E. 97; North British & M. Ins. Co. v. Central Vermont R. Co. 9 App. Div. 4, 40 N. Y. Supp. 1113, affirmed in 158 N. Y. 726, 53 N. E. 1128; McCarty v. Gulf, C. & S. F. R. Co. 79 Tex. 33, 15 S. W. 164; Thompson v. Chicago & A. R. Co. 22 Mo. App. 321; 6 Cyc. 508 and cases cited; Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 671–673, 57 L. ed. 690, 697, 698, 33 Sup. Ct. Rep. 397.

Estoppel, to be available, must be pleaded, and this rule has been adopted in this state. Borden v. McNamara, 20 N. D. 225, 127 N. W. 104, Ann. Cas. 1912C, 841; Parliman v. Young, 2 Dak. 184, 4 N. W. 139, 711; 8 Enc. Pl. & Pr. 7; 16 Cyc. "Estoppel," 806–808.

"A waiver of a provision on the back of a shipping receipt, exempting the carrier from liability, unless notice of loss or damage is given within a specified time, is not available to a shipper in an action against the carrier, unless pleaded by the shipper." Frey v. New York C. & H. R. R. Co. 114 App. Div. 747, 100 N. Y. Supp. 225; Eureka F. & M. Ins. Co. v. Baldwin, 62 Ohio St. 368, 57 N. E. 57; Griffith v. Newell, 69 S. C. 300, 48 S. E. 259; Essex v. Murray, 29 Tex. Civ. App. 368, 68 S. W. 736; R. L. Cox & Co. v. Markham, 39 Tex. Civ. App. 637, 87 S. W. 1163; Fauble v. Davis, 48 Iowa, 462; List & Sons Co. v. Chase, 80 Ohio St. 42, 88 N. E. 120, 17 Ann. Cas. 61; Neuberger v. Robbins, 37 Utah, 197, 106 Pac. 933; Thompson v. St. Charles County, 227 Mo. 220, 126 S. W. 1044; McCall Co. v. Segal, — Tex. Civ. App. —, 126 S. W. 913; Re Warner, 158 Cal. 441, 111 Pac. 352; Feuchtwanger v. Manitowoc Malting Co. 109 C. C. A. 461, 187 Fed. 713; Iola Portland Cement Co. v. Ullmann, 159 Mo. App. 235, 140 S. W. 620; Symms-Powers Co. v. Kennedy, 33 S. D. 355, 146 N. W. 570; 9 Cyc. "Contracts" 727; Clegg v. St. Louis & S. F. R. Co. 122 C. C. A. 273, 203 Fed. 971; Great Northern R. Co. v. O'Connor, 232 U. S. 508, 58 L. ed. 703, 34 Sup. Ct. Rep. 380, 8 N. C. C. A. 53; Riddlesbarger v. Hartford F. Ins. Co. 7 Wall. 386, 19 L. ed. 257; Central Vermont R. Co. v. Soper, 8 C. C. A. 341, 21 U. S. App. 24, 59 Fed.

879; Ginn v. Ogdensburg Transit Co. 29 C. C. A. 521, 57 U. S. App. 403, 85 Fed. 985.

Even a forty-day limitation in which to bring action has been held legal and valid. Gulf, C. & S. F. R. Co. v. Trawick, 68 Tex. 314, 2 Am. St. Rep. 494, 4 S. W. 568; Gulf, C. & S. F. R. Co. v. Gatewood, 79 Tex. 89, 10 L.R.A. 419, 14 S. W. 913; Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 672, 57 L. ed. 698, 33 Sup. Ct. Rep. 397.

FISK, C. J. Plaintiff and appellant seeks to recover damages from defendant railway company upon a special contract entered into on March 9, 1907, for the transportation of certain horses and other property from the Minnesota transfer to McHenry, in this state. He alleges in his complaint that through the negligence of the defendant in handling the car in which such horses were transported, and through unreasonable delay in transporting the car, such horses were greatly injured, which injury resulted in the death of several of the horses, and permanent injuries to the remainder. This action was commenced in April, 1913, but in October, 1908, plaintiff brought an action to recover damages connected with this same shipment, basing his action not on the contract, but upon the defendant's common-law liability. In such former litigation the defense interposed was that the parties had entered into a special contract governing such shipment, and that their rights and liabilities should be measured by such contract. Such defense was sustained, both in the trial court and in this court. Cook v. Northern P. R. Co. 22 N. D. 266, 133 N. W. 303. For a general statement of the facts we refer to the opinion in that case.

The contract in suit is the ordinary stock contract used by the defendant company, and contains, among other things, a statement that the shipment is made "at the published tariff rate which applies to shipments under a limited liability contract, the same being a reduced rate made upon the terms and conditions following, which are admitted and accepted by the undersigned shipper as just and reasonable, that is to say:" Then follow numerous stipulations, among which are the following:

"3. And it is hereby further agreed that the value of the live stock to be transported under this contract does not exceed the following mentioned sums, to wit: Each horse, seventy-five dollars; each mule,

seventy-five dollars; each stallion, one hundred dollars; each jack, one hundred dollars; each ox or steer, fifty dollars; each bull, fifty dollars; each cow, thirty dollars; each calf, ten dollars; each pig, ten dollars; each sheep or goat, three dollars; such valuation being that whereon the rate of compensation to said carrier for its services and risks connected with said property is based."

"6. The said shipper further agrees that as a condition precedent to his right to recover any damages for loss or injuries to any of said stock, he will give notice in writing of his claim therefor to some officer or station agent of the said company before said stock has been removed from the place of destination or mingled with other stock.

"7. It is further agreed and provided that no suit or action to recover any damages for loss or injury to any of said stock, or for the recovery of any claim by virtue of this contract, shall be sustained by any court against said company, unless suit or action shall be commenced within sixty (60) days after the damage shall occur, and on any suit or action commenced against said company after the expiration of said sixty (60) days, the lapse of time shall be taken and deemed conclusive evidence against the validity of said claim, any statute to the contrary notwithstanding."

Plaintiff offered testimony tending to show negligence on the part of the company in handling such car, and the resulting damage occasioned thereby. Also that he served notice upon the station agent of the defendant company at McHenry on March 18th, and before the stock had been removed from McHenry, of his claim for damages, and rested. Thereupon counsel for defendant moved for a directed verdict, basing the motion upon the ground, among others, that plaintiff failed to commence his action within the period of sixty days as stipulated in the contract, which motion was granted; and it is this ruling which constitutes the chief complaint of appellant on this appeal.

If the stipulation requiring suit to be brought within sixty days is valid and binding, then, of course, the ruling of the court in directing the verdict in defendant's favor must be sustained; for, concededly, no action was brought until long after such time had elapsed.

In construing such stipulation, as well as the other provisions of the contract, it is settled beyond question by the highest court in our

land that the contract, being one covering an interstate shipment, is removed from the realm of local state regulations and restrictions, and the same is regulated and controlled exclusively by the laws of Congress, and the liability of the defendant must therefore be determined by the laws of Congress as construed by the United States courts. Adams Exp. Co. v. Croninger, 226 U. S. 491, 57 L. ed. 314, 44 L.R.A.(N.S.) 257, 33 Sup. Ct. Rep. 148; Chicago, B. & Q. R. Co. v. Miller, 226 U. S. 513, 57 L. ed. 323, 33 Sup. Ct. Rep. 155. In both of these cases it was squarely held that the provisions of § 20 of the act of February 4, 1887, as amended by the act of June 29, 1906, 34 Stat. at L. 584, chap. 3591, Comp. Stat. 1913, § 8563, known as the Carmack amendment, manifested a purpose on the part of Congress to take possession of the subject of the liability of a carrier by railroad for interstate shipments, and that the regulations therein should supersede all state regulations upon the same subject. Kansas City Southern R. Co. v. Carl, 227 U. S. 639, 57 L. ed. 683, 33 Sup. Ct. Rep. 391; Chicago, R. I. & P. R. Co. v. Cramer, 232 U. S. 490, 58 L. ed. 697, 34 Sup. Ct. Rep. 383; Missouri, K. & T. R. Co. v. Harriman, 227 U. S. 657, 57 L. ed. 690, 33 Sup. Ct. Rep. 397.

It goes without saying that these decisions of the Supreme Court of the United States are absolutely controlling upon the state courts. As said by this court in the recent case of Bartels Northern Oil Co. v. Jackman, 29 N. D. 236, 150 N. W. 576: "The decisions of the Supreme Court of the United States on Federal questions are absolutely controlling when the same questions are presented in state courts, and the latter have no alternative but to follow the Federal authorities." As before stated, the contract in suit covering, as it does, an interstate shipment, falls clearly within the Carmack amendment aforesaid. This being true, we are next to inquire whether the stipulation in the contract requiring suit to be commenced within sixty days is valid and enforceable. Referring to the decisions of the United States Supreme Court, and especially to Adams Exp. Co. v. Croninger, supra, we find it there announced that the liability imposed by the Federal statute upon carriers of interstate shipments is the liability imposed by the common law upon a common carrier, and that such liability may be limited or qualified by special contract with the shipper, *provided the limitation or qualification be just and reasonable,* and does

not exempt the carrier from responsibility for damages due to its negligence. In this connection see also Missouri K. & T. R. Co. v. Harriman, 227 U. S. 657, 57 L. ed. 690, 33 Sup. Ct. Rep. 397. In the opinion in the latter case Mr. Justice Lurton, in passing upon the validity of a stipulation in a special contract limiting the time in which suit might be brought to the period of ninety days from the loss or happening of any damage, said: "The court below held that the stipulation in the shipping contract, that no suit shall be brought after the lapse of ninety days from the happening of any loss or damage, 'any statute or limitation to the contrary notwithstanding,' was void.

"It is conceded that there are statutes in Missouri, the state of the making of the contract, and the state in which the loss and damage occurred, and in Texas, the state of the forum, which declare contracts invalid which require the bringing of an action for a carrier's liability in less than the statutory period, and that this action, though started after the lapse of the time fixed by the contract, was brought within the statutory period of both states.

"The liability sought to be enforced is the 'liability' of an interstate carrier for loss or damage under an interstate contract of shipment declared by the Carmack amendment of the Hepburn act of June 29, 1906. The validity of any stipulation in such a contract which involves the construction of the statute, and the validity of a limitation upon the liability thereby imposed, is a Federal question to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation. Adams Exp. Co. v. Croninger, supra; Michigan C. R. Co. v. Vreeland, 227 U. S. 59, 57 L. ed. 417, 33 Sup. Ct. Rep. 192, Ann. Cas. 1914C, 176. The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. Adams Exp. Co. v. Croninger, and Michigan C. R. Co. v. Vreeland, cited above; York Mfg. Co. v. Illinois C. R. Co. 3 Wall. 107, 18 L. ed. 170; New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. ed. 627, 10 Am. Neg. Cas. 624; Southern Exp. Co. v. Caldwell, 21 Wall. 264, 267, 22 L. ed. 556, 558; Hart v. Pennsylvania R. Co. 112 U. S. 331, 28 L. ed. 717, 5 Sup. Ct. Rep. 151.

"The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. Riddlesbarger v. Hartford F. Ins. Co. 7 Wall. 386, 19 L. ed. 257. A stipulation that an express company should not be held liable unless claim was made within ninety days after a loss was held good in Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. ed. 556. Such limitations in bills of lading are very customary, and have been upheld in a multitude of cases. We cite a few: Central Vermont R. Co. v. Soper, 1 C. C. A. 341, 21 U. S. App. 24, 59 Fed. 879; Ginn v. Ogdensburg Transit Co. 29 C. C. A. 521, 57 U. S. App. 403, 85 Fed. 985; Cox v. Central Vermont R. Co. 170 Mass. 129, 49 N. E. 97; North British & M. Ins. Co. v. Central Vermont R. Co. 9 App. Div. 4, 40 N. Y. Supp. 1113, affirmed in 158 N. Y. 726, 53 N. E. 1128. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. McCarty v. Gulf, C. & S. F. R. Co. 79 Tex. 33, 15 S. W. 164; Thompson v. Chicago & A. R. Co. 22 Mo. App. 321. See cases to same effect cited in 6 Cyc. p. 508. The provision requiring suit to be brought within ninety days is not unreasonable."

After a thorough research we find no case decided by the United States Supreme Court upholding a similar limitation where the time fixed for bringing suit was less than ninety days, but counsel for respondent cite two decisions from state courts upholding, as reasonable, stipulations fixing the time at forty days. These are Gulf, C. & S. F. R. Co. v. Trawick, 68 Tex. 314, 2 Am. St. Rep. 494, 4 S. W. 568; Gulf, C. & S. F. R. Co. v. Gatewood, 79 Tex. 89, 10 L.R.A. 419, 14 S. W. 913. But it will be noticed that in neither of the contracts involved in these cases does it appear that there was a stipulation similar to that in the contract in the case at bar, requiring notice of loss or injury to be given by the shipper to the carrier before the stock has been removed from the place of destination or mingled with other stock,

and in the last case cited the carrier notified the plaintiff twenty-five days after the delivery, that his claim would not be paid.

The question of whether such a stipulation is reasonable depends to a considerable extent upon the purpose sought to be subserved by such stipulation, which is to appraise the carrier promptly, to the end that it may protect itself against fraudulent and unjust claims for damages. Were it not for the sixth stipulation above referred to, requiring notice to be given by the shipper before the stock is removed from the point of destination and mingled with other stock, we might feel inclined to uphold the seventh stipulation requiring suit to be brought within sixty days, as not unreasonable; but we think, in the light of such prior stipulation, it is manifestly unreasonable to limit plaintiff to sixty days in which to commence his action.

Another reason which prompts us in arriving at this conclusion is the fact that although plaintiff made prompt claim to damages by serving upon the station agent of the defendant company at McHenry a written notice, defendant took no action thereon at all, and by its silence no doubt lulled the plaintiff into a sense of security in waiting, and we think he was justified in delaying action in the hope and belief that his claim would be finally adjusted. In view of these facts, defendant does not stand in a favorable light before the court in urging such defense, and we think it should be held to have waived such stipulation.

Another consideration which has some weight with us in arriving at the above conclusion is the fact that plaintiff did not, and in the nature of things could not, within the limited time fixed in such stipulation, know of the extent of the injuries inflicted upon the stock through defendant's negligence. In this connection we approve the language of the supreme court of Texas in Gulf C. & S. F. R. Co. v. Stanley, 89 Tex. 42, 33 S. W. 112. The shipping contract in that case contained a clause limiting the time for bringing action to "forty days next after the loss or damage shall have occurred." Upon the trial it was disclosed that at a certain place en route the cattle were unloaded for feeding and watering, and were crowded together in muddy pens in such numbers that it was impossible for them to take sufficient food and water, and that, in consequence, some died and others were greatly injured. In its opinion the court said: "The defendant, by counsel,

asked the court to charge the jury that, if the notice was not given,. the plaintiff could not recover, and also, in effect, that if the suit was not instituted within forty days from the time the cause of action accrued, it was not bound. Both of these charges were refused, and their refusal brings up the question as to the validity of the two. stipulations in the contract which have been quoted. A stipuation of the character of these in question, to be valid, must be reasonable. At the time the cattle were reshipped at Purcell, the plaintiff, according to. his own testimony, knew that his cattle had been crowded in pens and had suffered for the want of food and water, but did not know the. extent of his damages. Under the circumstances, he could, at most, have made only a vague complaint, which would have subserved no. useful purpose to either party. It was by no means certain that any serious loss would ensue, and if the contract is to be construed as. requiring notice in such a case, we think it must be held unreasonable."

In the case of New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. ed. 627, 10 Am. Neg. Cas. 624, the Supreme Court of the United. States held that a condition in a contract with an express company limiting the right of action to ninety days was reasonable, but the property was entirely lost and never delivered. In the recent case of Missouri,. K. & T. R. Co. v. Harriman, 227 U. S. 657, 57 L. ed. 690, 33 Sup. Ct. Rep. 397, in which the same period of time was held to be a reasonable. limitation, the cattle whose loss was made the basis of the claim for damage were killed instantaneously by reason of a negligent derailment of the train. The doctrine of neither case is applicable to the. facts of the case at bar. There the damage was immediately determinable, and the full period of ninety days without a waiver on the part of the railroad company was allowed plaintiff in which to bring his. action.

In Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. ed. 556, the court, in considering the question of whether the period of ninety days was a reasonable limit in which the shipper might make claim to damages, held such stipulation reasonable, but added: "Possibly such a condition might be regarded as unreasonable if an insufficient time was allowed for the shipper to learn whether the carrier's contract had been performed."

In the case at bar, as before stated, the full damage to plaintiff was

not and could not have been known within the time stipulated for the commencement of an action, for but two out of eight horses were killed or died from injuries at St. Cloud, the point where it is alleged that the defendant's chief act of negligence in the handling of the car took place. Plaintiff contends that another horse died in the following November, and still another in December, 1907, and one in the following year, and the last one within three months of the trial of this action. We therefore think that there is much force in appellant's contention that it was impossible for him to know within such period of sixty days anything definite with reference to the extent of his damage, and that, as applied to the facts in this case, such stipulation is unreasonable.

In this connection we call attention to the recent case of Pierson v. Northern P. R. Co. 61 Wash. 450, 112 Pac. 509, which involves contract stipulations the same as in the case at bar, and wherein the Washington court, under facts similar to those here involved, held unreasonable the stipulation requiring written notice to be given to some officer or station agent of the company before the stock was removed from the place of destination or mingled with other stock. The court said: "This clause of the contract would perhaps be effectual in some cases; but in a case like the present, where the nature and extent of the injuries to the animals surviving could not be ascertained with any degree of certainty within the limited time provided in the contract, the stipulation is unreasonable and inapplicable,"—citing numerous authorities. Upon parity of reasoning it seems to us that the other stipulation, requiring suit to be commenced within sixty days, should likewise be held under these facts to be unreasonable.

In addition to the above authorities see valuable note to the case of Hafer v. St. Louis Southwestern R. Co. 30 Ann. Cas. 866, where many authorities are collected on the subject. See also Texas & P. R. Co. v. Langbehn, — Tex. Civ. App. —, 158 S. W. 244, and Pacific Coast Co. v. Yukon Independent Transp. Co. 83 C. C. A. 625, 155 Fed. 29.

It has been held, and we think properly, that where a shipping contract limits the time within which an action for damages must be brought, such time must be not only reasonable, but there must be prompt action on the part of the carrier in denying its liability, to the end that the shipper may be duly apprised of the fact that suit will be

necessary. Lasky v. Southern Exp. Co. 92 Miss. 268, 45 So. 869. See also James v. Chicago, R. I. & P. R. Co. 81 Kan. 23, 105 Pac. 40.

In view of our conclusion, which leads to a reversal of the judgment, it is but fair to the learned trial judge to state that he was evidently influenced in his decision by certain language found in our former opinion, which he construed as a holding to the effect that the contract in question was in all things valid. The use of such language was perhaps unfortunate, but nevertheless the fact remains that the question as to the validity of each of the various stipulations in such special contract was not before us for decision on that appeal, and any such expression was therefore mere *dictum*. All that we were required to decide, and all that was there decided, was that plaintiff could not maintain his action in tort on the common-law liability when the proof showed that he entered into a special contract governing the rights and liabilities of the parties pertaining to such shipment.

Regarding the validity of the stipulation limiting the extent of defendant's liability we are not called upon to express an opinion. Such question was neither passed upon by the trial court nor argued in the briefs of counsel. It would therefore be improper for us to consider it at this time.

Judgment reversed, and a new trial ordered.

Burke, J., being disqualified, did not participate, Honorable W. L. Nuessle, Judge of Sixth Judicial District, sitting in his stead.