KANSAS CITY, M. & O. RY. CO. v. HANSARD. (No. 931.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 23, 1916. Rehearing Denied March 15, 1916.)

1. CARRIERS ⬧228(1)—LIVE STOCK—BURDEN OF PROOF — REASONABLENESS OF STIPULATION—NOTICE.

In an action for damages to a shipment of live stock the carrier has the burden of proving that a stipulation in a written contract for carriage that notice of injury must be given in one day before the cattle were removed from the place of delivery at destination was reasonable under the facts of the particular shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957, 958; Dec. Dig. ⬧228(1).]

2. CARRIERS ⬧218(1)—LIVE STOCK—STIPULATION—REASONABLENESS.

A provision in a written contract for the carriage of live stock that a suit for injury must be brought within 91 days after the alleged injury, or else the action should be barred, is not unreasonable or invalid.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 933–935, 939; Dec. Dig. ⬧218(1).]

3. CARRIERS ⬧218(5)—LIVE STOCK—LIMITATION OF LIABILITY—CONSIDERATION.

A stipulation in a written contract for the carriage of live stock that a suit for damages must be brought within 91 days would not be binding if there was no consideration therefor; and where an oral contract, binding the carrier, had been previously made, a subsequent written contract would be without consideration.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696; Dec. Dig. ⬧218(5).]

4. CARRIERS ⬧207(2)—INTERSTATE SHIPMENT—ORAL CONTRACT.

An interstate shipment of live stock may be made on an oral contract.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. ⬧207(2).]

Appeal from Hardeman County Court; D. E. Magee, Judge.

Action by T. M. Hansard against the Kansas City, Mexico & Orient Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

L. W. Allred, of Chillicothe, and H. S. Garrett, of San Angeló, for appellant. Marshall & Perkins, of Quanah, for appellee.

HUFF, C. J. The appellee, Hansard, sued the railway company, in the county court, for alleged damage to a shipment of cattle from Chillicothe, Tex., to Wichita, Kan., with the usual allegations of delay and rough handling, remaining on side tracks, and consequent skinning, bruising, resulting in damages to the appellee. The railway company answered at length, principally setting up a written contract, which required notice to

be given in 1 day before the cattle were removed from the place of delivery at destination, and also requiring suit to be brought within 91 days after the alleged injury or the cause of action would be barred, and certain other provisions of the contract not necessary to set out. The appellee replied the cattle were not shipped on this written contract; that previous to signing the written contract he had theretofore entered into a lawful verbal contract with the railroad to transport the cattle from Chillicothe to Wichita, and under the oral agreement had contracted for the cars, which were furnished, the cattle loaded into the cars, and the railroad had accepted the cattle for transportation, and they were then on the track ready for shipment when the written instrument was presented for the signature of the shipper; that it was signed without reading, and that he did not have time to read it and could not read it because of so much fine print, and that he understood that it was only intended as a return pass for the caretakers of the cattle, and that there was no consideration for the written contract or the provisions set up. The jury found substantially that these allegations were true, and that there was no consideration for the written contract. In addition to the findings of the jury, the trial court also finds that there was no consideration for the written contract, and that the cattle were shipped on the oral contract set up.

This case turns on a question of law alone; that is, whether an interstate shipment may be made on a verbal contract. All of appellant's assignments go to that point, which assignments are presented by motions to strike out testimony, exceptions to testimony and to render a verdict on the written contract, etc. There is no assignment, however, calling in question the sufficiency of the evidence to establish a verbal contract of shipment. It may be stated that the railway company entered into a verbal contract to furnish cars for the carriage of the cattle from Chillicothe, Tex., to Wichita, Kan., and under such contract the cattle were delivered to the railroad and loaded into the cars, and after they were loaded and just before they started on the trip, the agent of the railway presented a written contract to be signed by the shipper, who did not read it, and he testified he did not have time to do so, but signed it believing that it was only a contract for return trip pass, and not the contract for the shipment of the cattle, with the provisions set up as to the limitation of his right to sue, as pleaded by appellant. This writing contains a stipulation that notice must be given of the injury, in one day after the cattle arrive at their destination, etc., and also if suit was not brought in 91 days after the injury received by the cattle, the cause of action should thereafter be barred.

[1] On the first ground in the contract, this court, by a majority opinion, held the burden was on the carrier to allege and prove the stipulation for 1 day's notice reasonable under the facts of the particular shipment. Railway Co. v. Whaley, 177 S. W. 543; Railway Co. v. Dalton, 177 S. W. 556. This court is not convinced beyond a reasonable doubt of the correctness of the position there taken, as will be evidenced by the vigorous dissenting opinion of Judge Hendricks, but nevertheless, it will be regarded as the rule of construction by this court until corrected by the higher courts, if error.

[2] The United States Supreme Court, in the case of Railway Co. v. Harriman, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, in passing on a provision in almost the exact language of the 91-day clause pleaded in this case, said:

"But there is nothing in the policy or object of the statute which prohibits parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies," etc.

Again:

"The provision requiring a suit to be brought within 90 days is not unreasonable."

[3] In support of the proposition announced in that case that court cited a Texas case (McCarty v. Railway Co., 79 Tex. 33, 15 S. W. 164), which was rendered prior to our present statute with reference to contracts of this kind. It appears from appellee's brief that, owing to the case of Railway Co. v. Word, 159 S. W. 375, he was compelled to do unnecessary work in procuring the trial court to find there was no consideration for this provision. This court simply announced in that case what the Supreme Court had held, and our duty in such cases. The case of Railway Co. v. Scott, 156 S. W. on pages 296, 297, cited by appellee and relied on by him, also recognized that the Supreme Court of the United States holds such provision valid. The trial court in this case held the 91-day clause without consideration, as the jury also found. If there was no consideration for the written contract as we held in the Word Case, and in others, it would not be binding. If a lawful contract binding the railway company to transport the cattle had been previously made, then the contract in question was without consideration. If there was no lawful contract so made, the stipulation pleaded in this case would be binding, and would constitute part of the contract of shipment, and in such case the trial court should instruct a verdict for the railway.

[4] This court, however, is committed to the proposition that an interstate shipment may be made on oral contract, and if such a contract is executed before the delivery of the written, with a provision such as here set up, and which is contrary to the oral contract agreed upon and stipulated for, such provision would be without consideration and could not be enforced. Such is the hold-

ing of this court, and ,whether we were right or wrong, as we now consider the matter, it will require the holding of the Supreme Court to the contrary, in order to change the ruling. Railway Co. v. Stinson, 181 S. W. 526; Railway Co. v. Jones, 182 S. W. 1 (not yet officially reported). In the two cases named, various authorities are collated in support of the proposition necessary to the conclusion there reached. This case falls under the rule established by this court as to such contracts, and the verdict and judgment in the trial court, establishing that an oral contract was entered into previous to the written contract pleaded by appellant, and without the stipulations set up by the appellant as contained in the writing, will require an overruling of all the assignments presented by appellant in this case.

The case will therefore be affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes