### GINN et al. v. OGDENSBURG TRANSIT CO.

(Circuit Court of Appeals, Seventh Circuit. March 16, 1898.)

No. 445.

SHIPPING—LIMITATION IN BILL OF LADING.

A stipulation in a bill of lading against liability for loss or damage, unless "the action in which said claim shall be sought to be enforced shall be brought within three months after said loss or damage occurs," is forbidden by no rule of law, nor by any consideration of public policy, and, like any other term of the agreement, will be presumed to have had the full assent of both parties, and will be regarded as reasonable, unless the contrary be made apparent.

Appeal from the District Court of the United States for the Northern Division of the Northern District of Illinois.

Robert Rae, for appellants.

Charles E. Kremer, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

WOODS, Circuit Judge. This appeal is from a decree of the district court dismissing a libel, whereby it was sought to recover damages for injury to a consignment of school books while in course of transportation by the propeller John R. Langdon from the port of Ogdensburg to Chicago. The bill of lading, a copy of which was annexed to the libel, besides other conditions designed to limit the carrier's common-law liability, contained a stipulation against liability "in any case or event, unless written claim for the loss or damage shall be made to the person or party sought to be made liable within thirty days, and the action in which said claim shall be sought to be enforced shall be brought within three months after said loss or damage occurs." This libel was not brought until after the lapse of little less than a year from the date of the injury, and for that reason was dismissed. An amendment to the libel, added after the filing of the answer, alleges "that the conditions in the bill of lading," referred to in the answer, were in no manner assented to by the libelants at the time of the receipt of the bill of lading; that they had no knowledge of the contents thereof, either at the time of the shipment of their property, or at the time of loss, or at any time prior to the filing of the answer; and that they never agreed to be bound by the same. Otherwise than this,

knowledge of and assent to the particular stipulation in question are not denied.

The contention of the appellants—based upon the opinions of the supreme court in New Jersey Steam Nav. Co. v. Merchants' Bank, 6 How. 344; York Mfg. Co. v. Illinois Cent. R. Co., 3 Wall. 107; Walker v. Transportation Co., Id. 150; Liverpool & G. W. Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469; The Majestic, 166 U. S. 375, 17 Sup. Ct. 597; and other cases—is that such conditions of restriction upon the carrier's liability are not binding upon the shipper unless his consent thereto be shown, and that his consent will not be presumed, nor be inferred from the mere fact that the conditions are expressed upon the face or in the body of a bill of lading delivered to him when he surrenders his goods to the carrier. That doctrine, where recognized, rests on considerations of public policy, and is an exception to the general rule that one who has become a party to a written agreement will be presumed to have had knowledge of its contents, and, in the absence of fraud in procuring his signature or assent, will not be heard to assert the contrary. To what extent the decisions of the supreme court go in respect to conditions intended to restrict the liability which, in the absence of special agreement, the law imposes on a carrier, it is not necessary now to inquire. The stipulation that suit must be brought within a time named is not of that character. It in no manner affects the nature or extent of liability, but simply prescribes a time within which suit to enforce it, whatever its character or scope, must be brought. This accords with the familiar doctrine that a statute which fixes a shorter time for the bringing of suit upon existing contracts than had been prescribed by a statute of limitations does not impair the obligation of contracts, within the meaning of the national constitution, provided the time allowed for bringing suits thereon be not unreasonably short. That it is within the power of contracting parties to fix by agreement a shorter time for the bringing of suit on the contract than that provided by the statute of limitations is not open to dispute. Riddlesbarger v. Insurance Co., 7 Wall. 386; Express Co. v. Caldwell, 21 Wall. 264; Hart v. Railroad Co., 112 U. S. 331, 5 Sup. Ct. 151; Phœnix Ins. Co. v. Erie & W. Transp. Co., 117 U. S. 312, 6 Sup. Ct. 750, 1176; Primrose v. Telegraph Co., 154 U. S. 1, 14 Sup. Ct. 1098. Such a stipulation is forbidden by no rule of law, nor by any consideration of public policy, and will be presumed, equally with any other term of the agreement, to have had the full assent of the parties; and, having been assented to by the parties, the limitation will be regarded as reasonable, unless the contrary be made apparent. It is the more important when found in a contract which contains restrictions upon liability, the validity of which depends on evidence aliunde of the knowledge and assent of the party to be affected, because it brings the question to an early determination. In Railroad Co. v. Soper, 21 U. S. App. 24, 8 C. C. A. 341, and 59 Fed. 879, this particular stipulation was under consideration by the circuit court of appeals for the First circuit, and, though the requirement that a written claim should be presented within a month was declared to be unreasonable and invalid, the limitation of the time for bringing suit to three months was upheld. Taking the same judicial cognizance as was

taken by that court of facts within common knowledge, we cannot reach a different conclusion.

There is nothing in the contention that the goods of the appellants had been placed in the possession of the carrier, and a receipt given therefor, before the bill of lading was executed, and that there was, therefore, no consideration for the special conditions in the bill of lading. It is evident that the receipt was taken as a preliminary step to be used as the means of obtaining the bill of lading. What the terms of the receipt were is not shown. It may or may not have contained enough to constitute a contract of carriage, but it does not appear that even the destination of the consignment was stated or had been agreed upon. The libel shows a contemporaneous delivery of the goods and the bill of lading, and the evidence does not show any other contract of carriage, express or implied. The decree of the district court is affirmed.