## HARRINGTON v. WICHITA FALLS & N. W. RY. CO.

No. 6217.  Opinion Filed March 28, 1916.

(156 Pac. 634.)

**CARRIERS—Shipment of Live Stock—Action for Damages—Contract Limitation—Waiver—Pleading.** In an action to recover damages against an initial carrier for injuries to an interstate shipment of cattle, upon a live stock transportation contract containing a stipulation that "no suit shall be brought against any carrier and only against the carrier on whose line the injuries occur, after the lapse of 90 days from the happening thereof," where such action is not brought within the stipulated time, an allegation in the petition to the effect that by reason of negotiations looking to a settlement of his claim for damages without suit, carried on

by means of correspondence between plaintiff and certain connecting carriers extending over a period of more than 90 days, plaintiff was induced to delay bringing action until after the expiration of said time, does not state facts sufficient to constitute an implied waiver of such contractual period of limitation on the part of the initial carrier, especially where it was not informed of such correspondence.

(Syllabus by Bleakmore, C.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by James E. Harrington against the Wichita Falls & Northwestern Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*John E. Williams* and *H. P. McGuire,* for plaintiff in error.

*Mounts & Davis,* for defendant in error.

Opinion by BLEAKMORE, C. This is an action commenced in the district court of Tillman county by the plaintiff in error, as plaintiff, against the defendant in error, as defendant, upon five live stock transportation contracts between the plaintiff and defendant, for the shipment of certain cattle from Grandfield, Okla., to Kansas City, Mo., to recover damages for injuries to such cattle caused by the alleged negligent wrecking of the train upon which the same were being transported upon the line of the Kansas City, Mexico & Orient Railway Company, a connecting carrier, and for delay in reaching the market. The contracts, all of which are attached to and made parts of the petition, bear date of May 20, 1910, are alike in form, and each contains the following provision:

" * * * And no suit shall be brought against any carrier and only against the carrier on whose line the injuries occur, after the lapse of 90 days from the happening thereof, any statute of limitation to the contrary not-

withstanding, and no damage can be recovered except those set forth in the required notice and claim."

In the petition it is alleged.:

"(4)   That plaintiff has done and performed every condition precedent upon his part in said contract contained and fulfilled · every condition and requirement of each and all the contracts hereto attached, save and except that part of paragraph No. 11, which is contained in each of said contracts and which provides, as follows, to-wit: 'And no suit shall be brought against any carrier and only against the carrier on whose line the injuries occur, after the lapse of 90 days from the happening thereof, any statute of limitation to the contrary notwithstanding, and no damage can be recovered except those set forth in the required notice and claim.'   Plaintiff ·states that said condition and requirement was not complied with upon his part for the following reasons, to wit:

"(1)   That said provision is contrary to the laws of Oklahoma and void.

"(2)   That said provision is contrary to the interstate commerce law and void in this, that it provides that no suit shall be brought except against the carrier upon whose line the injuries occur; that said contract is an interstate contract and that the injuries occurred on a connecting or intermediate carrier, to wit, the Kansas City, Mexico & Orient Railway Company and that this is a suit against the initial carrier and that said initial carrier cannot exempt itself against liability by special contract.

"(3)   That the 90 days specified in said special contract is and was an unreasonable restriction under the facts in this particular case, for the reason that there was involved three distinct connecting carriers and each employed a distinct and separate contract containing specific provisions limiting the time in which suit must be brought and in each instance the time differed.

"(4)    That the time mentioned in said general contract was unreasonable and was void for the want of consideration.

"(5)    That the special provision limiting the time in which suit must be filed was waived, in this, that the contract provided that a claim must be filed with the carrier upon whose line the injuries occurred or upon the delivering carrier; that the claim was filed as provided by said contract, and that the carrier upon whose line the injuries occurred and the delivering carrier each investigated said claim and each notified this plaintiff that they were investigating this claim, and each notified this plaintiff by letters that they wanted more time than 90 days to make such investigations, and each notified this plaintiff that as soon as they could complete their said investigations that the said claim would be adjusted, and that said investigations were not completed within the said 90 days, and that this plaintiff was misled and deceived by said letters and thereby led to believe and did believe that said claim would be adjusted without a suit, a copy of said letters is hereto attached and made a part hereof, marked Exhibit A.

"(6)    That a suit was filed immediately after plaintiff was notified that said investigations had been completed, against the Kansas City, Mexico & Orient Railway Company, the line upon which said injuries occurred, the only line against which suit could be brought according to the said provision of said contract; that on the ——— day of ———, 1912, the said carrier became insolvent and its assets passed into the hands of certain receivers, and that by reason thereof plaintiff was greatly in danger of losing his said claim, and in order to protect himself against loss and against insolvency of defendant's connecting carrier, plaintiff dismissed his said suit against the said connecting carrier and thereafter and as soon as it was possible for him to do so filed this suit against the said defendant; that said suit was dismissed without prejudice, and that plaintiff has never received any amount of said claim from any of said carriers or from any person or corporation."

It will be noted that plaintiff first sought recovery on the cause of action herein pleaded in an action against the Kansas City, Mexico & Orient Railway Company, a connecting carrier, on whose line and by whose negligence his loss and damage is alleged to have occurred, and that even that suit, which was dismissed by him because of the subsequent insolvency of such carrier, in the year 1912, was not commenced until after the lapse of 90 days from the happening of the injuries to his cattle.

Demurrer to the petition was sustained, on the ground that this suit was not commenced within the period stipulated in the shipping contracts declared on; and plaintiff has appealed.

The liability, if any, of defendant is that of an interstate carrier, for damages under interstate contracts of shipment; and the validity of the stipulations in such contracts limiting the time within which suit for such damages must be commenced is not dependent upon state legislation, but involves the construction of federal enactments upon the subject, and is to be determined under the general common law.

This court, in *Missouri, K. & T. Ry. Co. v. Davis*, 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866, held:

"The contract, provides that no suit shall be brought against the carrier after the lapse of 90 days after the happening of the injuries complained of, and further provides that no agent of the carrier shall have any authority to modify, waive, or amend any of the provisions of the contract. The station agent at the destination of the mules, who was not shown to have any authority to adjust and settle claims for damages, and who did not represent that he had such authority, was without power to waive the provision of the contract requiring suit to be

brought within 90 days by advising the shipper not to sue, that the company always preferred to settle that class of claims."

In *St. Louis & S. F. R. Co. v. Bilby*, 35 Okla. 589, 130 Pac. 1089, it is held:

"As to interstate shipments, the common-law liability of the carrier for the safe carriage of property may be limited by a special contract with the shipper, where such contract, being supported by a consideration, is reasonable and fairly entered into by the shipper, and does not attempt to cover losses caused by the negligence or misconduct of the carrier."

The federal Supreme Court, in *Missouri K. & T. Ry. Co. v. Harriman Bros.*, 227 U. S. 657, 33 Sup. Ct. 397, 57 L. Ed. 690, an action for damages against an interstate carrier upon a similar contract containing a stipulation in language identical with that in the provisions of the contracts here involved, viz., "No suit shall be brought against any carrier, and only against the carrier on whose lines the injuries occur, after the lapse of 90 days from the happening thereof, any statute of limitation to the contrary notwithstanding," said:

"It is conceded that there are statutes in Missouri, the state of the making of the contract, and the state in which the loss and damage occurred, and in Texas, the state of the forum, which declare contracts invalid which require the bringing of an action for a carrier's liability in less than the statutory period, and that this action, though started after the lapse of the time fixed by the contract, was brought within the statutory period of both states.

"The liability sought to be enforced is the 'liability' of an interstate carrier for loss or damage under an interstate contract of shipment declared by the Carmack Amendment of the Hepburn Act of June 29, 1906. The validity of any stipulation in such a contract which involves

the construction of the statute, and the validity of a limitation upon the liability thereby imposed is a federal question to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation. *Adams Exp. Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148 [57 L. Ed. 314, 44 L. R. A. (N. S). 257]; *Michigan C. R. Co. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192 [57 L. Ed. 417, Ann. Cas. 1914C, 176]. The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the litigation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. *Adams Exp. Co. v. Croninger,* and *Michigan C. R. Co. v. Vreeland,* cited above; *York Mfg. Co. v. Illinois C. R. Co.,* 3 Wall. 107, 18 L. Ed. 170; *New York C. R. Co. v. Lockwood,* 17 Wall. 357, 21 L. Ed. 627; *Southern Exp. Co. v. Caldwell,* 21 Wall. 264, 267, 22 L. Ed. 556, 558; *Hart v. Pennsylvania R. Co.,* 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717.

"The policy of statutes of limitations is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. *Biddlesbarger v. Hartford F. Ins. Co.,* 7 Wall. 386, 19 L. Ed. 257. A stipulation that an express company should not be held liable unless claim was made within 90 days after a loss was held good in *Southern Exp. Co. v. Caldwell,* 21 Wall. 264, 22 L. Ed. 556. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: *Central Vermont R. Co. v. Soper* (C. C. A. 1st C.) 8 C. C. A. 341, 21 U. S. App. 24, 59 Fed. 879; *Ginn*

*v. Ogdensburg Transit Co.* (C. C. A. 7th C.) 29 C. C. A. 521, 57 U. S. App. 403, 85 Fed. 985; *Cox v. Central Vermont R. Co.,* 170 Mass. 129, 49 N. E. 97; *North British & Mercantile Ins. Co. v. Central Vermont R. Co.,* 9 App. Div. 4, 40 N. Y. Supp. 1113, affirmed in 158 N. Y. 726, 53 N. E. 1128.   Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. *McCarty v. Gulf, C. & S. F. R. Co.,* 79 Tex. 33, 15 S. W. 164; *Thompson v. Chicago & A. R. Co.,* 22 Mo. App. 321.   See cases to same effect cited in 6 Cyc. p. 508.   The provision requiring suit to be brought within 90 days is not unreasonable."

See, also, *Adams Exp. Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; *Chicago, R. I. & P. Ry. Co. v. Cramer,* 232 U. S. 490, 34 Sup. Ct. 383, 58 L. Ed. 697; *Phillips & Co. v. Grand Trunk W. Ry. Co.,* 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774.

It is contended that waiver of such contractual limitation on the part of defendant herein was sufficiently pleaded by the following allegation in the petition:

" *   *   *   That the claim was filed as provided by said contract, and that the carrier upon whose line the injuries occurred and the delivering carrier each investigated said claim and each notified this plaintiff that they were investigating this claim, and each notified this plaintiff by letters that they wanted more time than 90 days to make such investigations and each notified this plaintiff that as soon as they could complete their said investigations that the said claim would be adjusted, and that said investigations were not completed within the said 90 days, and that this plaintiff was misled and deceived by said letters and thereby led to believe and did believe that said claim would be adjusted without a suit, a copy of said letters is hereto attached and made a part hereof, marked Exhibit A."

But an examination of the letters attached to and made a part of the petition discloses that the correspondence pleaded and relied on by plaintiff as constituting an implied waiver of the provisions of the contract requiring the bringing of suit for defendant's liability thereunder within 90 days after the injuries to the property shipped occurred, was not between the plaintiff and any representative of the defendant, but, on the contrary, was with persons wholly disconnected with the defendant company, and alleged to have been acting on behalf of the connecting carriers to which the cattle claimed to have been injured while being transported under such contracts had been delivered by defendant, as initial carrier; and knowledge of such correspondence on the part of defendant (if such knowledge could in any manner affect its liability) is not alleged.

We therefore conclude that facts sufficient to establish a waiver by defendant of the stipulation in the contracts relative to the time within which action must have been brought thereunder for loss or damage on account of delay or injury to the cattle being shipped were not stated in the petition, and, further, that such contractual limitation is not unreasonable.

It follows that the judgment of the trial court sustaining the demurrer should be affirmed.

By the Court: It is so ordered.