**CHICAGO, R. I. & P. R. CO. v. PADEN et al.**

No. 5985—Opinion Filed Jan. 9, 1917.

(162 Pac. 727.)

(Syllabus by the Court.)

**1. Carriers — Interstate Shipment of Live Stock—Conditions—Validity.**

Under the Carmack Amendment of June 29, 1906, c. 3591, sec. 7, pars. 11, 12, 34 Stat. 593, to Act. Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 386 (U. S. Comp. St. 1913, sec. 8592), prohibiting exemptions from liability imposed by that act, a stipulation, in a contract for an interstate shipment of live stock, providing that no suit or action shall be sustainable in any court of law or equity "unless such suit or action be commenced within six months next after the cause of action shall occur," is valid, binding, and enforceable.

**2. Same—Federal Legislation.**

The rights and liabilities of the parties to an interstate railway shipment depend upon federal legislation, the contract or bill of lading under which the shipment is made, and common-law rules as accepted and applied in federal tribunals.

Error from Superior Court, Custer County; J. W. Lawter, Judge.

Action by H. R. Paden and J. W. Smith, partners doing business under the firm name and style of Paden & Smith, against the Chicago, Rock Island & Pacific Railway Company. There was judgment for plaintiffs. Defendant brings error. Reversed.

C. O. Blake, R. J. Roberts, W. H. Moore, J. G. Gamble, K. W. Shartel, and Bulow & Walton, for plaintiff in error.

Frank Willis, for defendants in error.

SHARP, C. J. December 18, 1909, Paden & Smith entered into a written contract with the Chicago, Rock Island & Pacific Railway Company for the transportation of four cars of cattle and calves from Foss, Okla., to Rosalia, Kan. The live stock contract, under which the shipment was made, contained, among other provisions, the following:

"Seventh. That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent or station agent of the first party, or to the agent at destination or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock, and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

"Fifteenth. That no suit or action against the first party for the recovery of any claim by virtue of this contract shall be sustainable in any court of law or equity, unless such suit or action be commenced within six months next after the cause of action shall occur; and should any suit or action be commenced against the first party after the expiration of six months, the lapse of time shall be constituted conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

Plaintiffs' action was not instituted until the 15th day of May, 1911, or almost 17 months from the date of the shipping contract. There is abundant evidence in the record to establish negligence on the part of the connecting carrier, the Missouri Pacific Railway Company, over whose line the cattle were transported from Wichita to their destination at Rosalia.

The right of plaintiffs to maintain their action after the expiration of the six months' period provided in the fifteenth clause of the contract is adversely determined in Missouri, K. & T. R. Co. v. Harriman Bros., 227 U. S. 657, 672, 33 Sup. Ct. 397, 401 (57 L. Ed. 690, 698), where Mr. Justice Lurton, speaking for the court, said:

"The liability sought to be enforced is the 'liability' of an interstate carrier for loss or damage under an interstate contract of shipment declared by the Carmack Amendment of the Hepburn Act of June 29, 1906. The validity of any stipulation in such a contract which involves the construction of the statute, and the validity of a limitation upon the liability thereby imposed, is a federal question to be determined under the general common law, and, as such, is withdrawn from the field of state law or legislation. Adams Exp. Co. v. Croninger, 226 U. S. 491, ante, 314, 33 Sup. Ct. 148 [57 L. Ed. 314, 44 L. R. A. (N. S.) 257]; Michigan C. R. Co. v. Vreeland, 227 U. S. 59, ante, 417, 33 Sup. Ct. 192 [57 L. Ed. 417, Ann Cas. 1914C, 176]. The liability imposed by the statute is the liability imposed by the common law upon a common carrier, and may be limited or qualified by special contract with the shipper, provided the limitation or qualification be just and reasonable, and does not exempt from loss or responsibility due to negligence. Adams Exp. Co. v. Croninger, and Michigan C. R. Co. v. Vreeland, cited above; York Mfg. Co. v. Illinois C. R. Co., 3 Wall. 107, 18 L. Ed. 170; New York C. R. Co. v. Lockwood, 17 Wall. 357, 21 L. Ed. 627; Southern

Exp. Co. v. Caldwell, 21 Wall. 264, 267, 22 L. Ed. 556, 558; Hart v. Pennsylvania R. Co., 112 U. S. 331, 5 Sup. Ct. 151, 28 L. Ed. 717.

"The policy of statutes of limitation is to encourage promptness in the bringing of actions, that the parties shall not suffer by loss of evidence from death or disappearance of witnesses, destruction of documents, or failure of memory. But there is nothing in the policy or object of such statutes which forbids the parties to an agreement to provide a shorter period, provided the time is not unreasonably short. That is a question of law for the determination of the court. Such stipulations have been sustained in insurance policies. Riddlesbarger v. Hartford F. Ins. Co., 7 Wall. 386, 19 L. Ed. 257. A stipulation that an express company should not be held liable unless claim was made within 90 days after a loss was held good in Southern Exp. Co. v. Caldwell, 21 Wall. 264, 22 L. Ed. 556. Such limitations in bills of lading are very customary and have been upheld in a multitude of cases. We cite a few: Central Vermont R. Co. v. Soper (C. C. A. 1st C.) 8 C. C. A. 341, 21 U. S. App. 24, 59 Fed. 879; Ginn v. Ogdensburg Transit Co. (C. C. A. 7th C.) 29 C. C. A. 521, 57 U. S. App. 403, 85 Fed. 985; Cox v. Central Vermont R. Co., 170 Mass. 129, 49 N. E. 97; North British & Mercantile Ins. Co.. v. Central Vermont R. Co., 9 App. Div. 4, 40 N. Y. Supp. 1113, affirmed in 158 N. Y. 726, 53 N. E. 1128. Before the Texas and Missouri statutes forbidding such special contracts, short limitations in bills of lading were held to be valid and enforceable. McCarty v. Gulf, C. & S. F. R. Co., 79 Tex. 33, 15 S. W. 164; Thompson v. Chicago & A. R. Co., 22 Mo. App. 321. See cases to same effect cited in 6 Cyc. p. 508. The provision requiring suit to be brought within 90 days is not unreasonable."

The decision of the Supreme Court, construing rights arising under the terms of a written contract covering an interstate shipment of freight, and when an action must be brought to enforce the same, is binding upon this court. That decision having sustained a 90-day provision as reasonable, it is not for this court to say that a six months' provision is unreasonable.

There is no evidence to show that the plaintiffs complied with, or indeed that they attempted to comply with, or were in any wise prevented from observing, the provisions of the seventh paragraph of the contract under which the cattle were transported. In view of our conclusions, however, it is unnecessary that we determine their rights in this respect, except to direct attention to the following cases, involving the same or very similar questions: Northern Pacific R. Co. v. Wall, 241 U. S. 87, 36 Sup. Ct. 493, 60 L. Ed. 905; Georgia, F. & A. R. Co. v. Blish Mill. Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948; Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 319, 36 Sup. Ct. 555, 60 L. Ed. 1022, L. R. A. 1917A, 265; Chespeake & Ohio R. Co. v. McLaughlin, 242 U. S. 142, 37 Sup. Ct. 40, 61 L. Ed. 207; St. Louis & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055.

It is unfortunate that plaintiffs have by their act of omission placed themselves in a situation whereby no recovery can be had for the negligence of the railroad company. It seems from the testimony of Mr. J. W. Smith that he had been constantly engaged in the business of shipping cattle for 25 years, or ever since he was 21 years of age; that he signed the shipping contract and accompanied the shipment from Foss to Rosalia; that he knew at the time of the injury and loss caused the cattle by the negligence of the connecting carrier; that during the following week, while in Kansas City, he had a conversation with an agent of defendant company in respect to the damages caused the shipment in question; and that more than 60 days afterwards he caused a claim for damages to be filed with the Missouri Pacific Railway Company. The shipment being of an interstate character, the decisions of the Supreme Court of the United States are, of course, controlling. Missouri, K. & T. R. Co. v. Walston, 37 Okla. 517, 133 Pac. 42; St. Louis & S. F. R. Co. v. Zickafoose, 39 Okla. 302, 135 Pac. 406.

Because of the failure of the trial court to peremptorily instruct the jury to return a verdict for defendant company, as requested, the judgment is reversed.

All the Justices concur.