## CHICAGO, R. I. & P. R. CO. v. BRIGHTWELL.

No. 7967—Opinion Filed Jan. 9, 1917.

(162 Pac. 484.)

**1. Carriers—Carriage of Live Stock—Actions — Conditions Precedent — Instructions.**

Compliance with the provisions of a contract for the carriage of live stock by a common carrier, requiring that notice of any claim for damages for loss or injury to or detention of said live stock, or delay in transportation thereof, shall be given to the carrier within one day after delivery of said live stock at its destination, and before such stock is removed from the place of destination and mingled with other stock, is a condition precedent to an action for the recovery of such damages.

**2. Same.**

An instruction, directing the jury, "If you find by a fair preponderance of the evidence that the defendant railway company had waived its right to be notified before such stock was removed or mingled with other stock by reason of their failure, after such notice, if given within one day, to offer to, or attempt to examine said live stock, then in that event the plaintiff would be entitled to recover damages in any sum proven as hereinafter charged," held to be reversible error.

(Syllabus by Rummons, C.)

Error from County Court, Stephens County; J. W. Marshall, Judge.

Action by S. M. Brightwell against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

W. H. Moore, C. O. Blake, R. J. Roberts, K. W. Shartel, and E. H. Bond, for plaintiff in error.

Womack & Brown, for defendant in error.

Opinion by RUMMONS, C. This action was commenced in the county court of Stephens county by the defendant in error against the plaintiff in error, to recover the sum of $492.02 for damages, because of the negligent delay of plaintiff in error in transporting 97 head of cattle belonging to the defendant in error from Duncan, Okla., to Kansas City, Mo. Defendant in error had judgment in the sum of $280.43, to reverse which, after having unsuccessfully moved for a new trial, the plaintiff in error brings this proceeding in error.

Plaintiff in error in its answer pleaded, as a bar to recovery, failure to comply with the seventh paragraph of the live stock contract under which said cattle were carried, which said paragraph is as follows:

"Seventh.—That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party as soon as he discovers such loss or injury, shall promptly give notice in writing to some general officer, claim agent or station agent of the first party, or to the agent at destination, or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

The defendant in error, replying, denied that he had violated the terms of said seventh paragraph, and alleged that notice of the loss and injury was given to plaintiff in error, under said contract, and in compliance with said seventh paragraph in so far as the giving of said notice was practicable and reasonable, and further alleged that the defendant had waived compliance with the terms of said paragraph by its conduct in treating with plaintiff for the settlement of said claim and in rejecting plaintiff's claim on other grounds without objecting to any failure on the part of defendant in error to comply with the terms of said paragraph.

The only assignments of error presented in the brief of plaintiff in error deal with the refusing of instruction No. 1, requested by plaintiff in error, and to the giving of instructions numbered 5, 6, 7, and 10, given to the court.

We think, however, that it is only necessary for us to consider instructions 6 and 7 given by the court, for the determination of this cause. Instructions Nos. 6 and 7 are as follows:

"(6) If you find by a fair preponderance of the evidence that plaintiff gave the notice required within one day and before the cattle had been removed from the place of destination, or the surrounding and adjacent stockyards where such cattle are usually penned pending, before, during and after sale under the rules and conditions obtaining in the Kansas City Stockyards, and before such stock had been mingled with other stock, or if you find by a fair preponderance of the evidence that the defendant railway company had waived its right to be notified before such stock was removed, or mingled with other stock by reason of their failure, after such notice if given within one day to offer to, or attempt to examine said live stock, then in that event the plaintiff would be entitled to recover damages in any sum proven as hereinafter charged.

"(7) However, if you find for the defendant, in that the plaintiff gave no notice before the cattle were removed from the point of shipment and before mingling said cattle with other stock, or that after said notice before the defendant company offered to examine the live stock and were deprived of such opportunity to examine same by reason of their removal from their premises, or mingling with other cattle, then in that event the plaintiff would not be entitled to recover damages."

It is the contention of plaintiff in error that by reason of the Carmack Amendment to the Interstate Commerce Act there can be no waiver, either expressed or implied, of the terms of the live stock contract here under consideration. However, it is unnecessary for us to pass upon this contention, since we think the instructions above quoted are clearly erroneous. Upon the question of waiver, defendant in error in his reply claimed a waiver for the reason that plaintiff in error had treated with him about the settlement of his claim for damages, and had rejected the same upon other grounds than failure to comply with paragraph 7 of the last-named contract and without objecting to the failure to comply therewith. Instruction No. 6, above quoted, authorized the jury to find for the defendant in error because of a waiver by plaintiff in error of such notice, if they found that the railroad company, after such notice, if given within one day, failed to offer to, or attempt to, examine said live stock.

In instruction No. 7, the jury are advised

to find for the plaintiff in error if they found that after said notice the company offered to examine the live stock and were deprived of such opportunity to examine same by reason of their removal from their premises, or mingling with other cattle. The evidence discloses that the cattle were received at the Kansas City Stockyards in the morning, and were sold to various buyers and removed by such buyers before noon that day, and that the notice of the claim for damages of defendant in error was served upon the live stock agent of plaintiff in error at 3 o'clock of that day. Defendant in error contends that, because said live stock agent testified that where a claim for damages, because of delay in transportation, was presented to him, he never examined the shipment of cattle, and that he only made an examination of the cattle in case the claim for damages arose because of injury to the cattle in transit, plaintiff in error cannot complain of the removal of the cattle before service of notice. These facts, however, would not constitute a waiver of the condition placed in the live stock contract, requiring notice of a claim for damages before the removal of the cattle from the pens of the stockyards and before they mingled with other stock. This provision of the live stock contract has been before this court several times, and has been uniformly upheld, and held to be a condition precedent to the maintenance of an action for the recovery of damages. St. L. & S. F. R. Co. v. Pickens, 51 Okla. 455, 151 Pac. 1055, and cases therein cited.

Upon the authority of these cases we are constrained to hold that a compliance with said provisions of the live stock contract within one day, and before the removal of the cattle or their mingling with other live stock, is a condition precedent to the right of plaintiff to maintain this action, and that such compliance is not excused because the railroad company has universally failed to avail itself of the opportunity to examine the said cattle after receiving such notice. The defendant in error having contracted with the railroad company to give such notice, and such contract having been held to be fair and reasonable, he is bound to the performance thereof, whether or not the railway company chose to avail itself of the benefits of such performance.

In giving the instructions complained of above, the trial court committed reversible error, and its judgment should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.