## CHICAGO, R. I. & P. R. CO. v. PARSONS et al.

No. 7254—Opinion Filed Jan. 23, 1917.

(162 Pac. 955.)

### Carriers—Interstate Shipment—Action for Injury—Notice.

Under the Interstate Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379), as construed by the Supreme Court of the United States, a provision in an interstate shipping contract requiring as a condition precedent to the recovery of damages for loss or injury to or detention or delay in transportation of live stock, that a written notice must be given of such damage to the carrier within one day after arrival of the stock at destination is reasonable and valid, and failure to give such notice cannot be waived by the carrier.

(Syllabus by Stewart, C.)

Error from County Court, Jefferson County; J. M. Adams, Judge.

Action by J. H. Parsons and another against the Chicago, Rock Island & Pacific Railway Company. Judgment for plaintiffs, motion for new trial overruled, and defendant excepts and brings error. Reversed, with instructions to render judgment for defendant.

H. C. Goodlow and Bridges & Vertrees, for plaintiff in error.

K. W. Shartel, C. O. Blake, R. J. Roberts, and W. H. Moore, for defendants in error.

Opinion by STEWART, C. The parties will be designated hereinafter as they were in the district court below. The plaintiffs brought their action against the defendant in a justice of the peace court, the case was duly appealed to the county court of said county. The plaintiffs allege damages against defendant because of negligence of defendant in delivering and transporting cattle shipped from Sugden, Okla., to Ft. Worth, Tex. Judgment was rendered for plaintiffs. Defendant filed motion for new trial, which being overruled, exceptions were saved, and defendant appeals to this court.

The testimony offered by the plaintiffs tended to establish the allegations as to the delay and damages. The defendant introduced in evidence live stock contract containing the following provisions:

"Seventh. That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof in writing to some general officer, claim agent or station agent of the first party, or to the agent at destination, or to some general officer of the delivering line, before such stock is removed from the point of shipment or from the place of destination, as the case may be, and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

The plaintiffs introduced in evidence a letter from the traveling agent of the defendant, which reads as follows:

"Mr. H. C. Goodloe, Attorney at Law, Ryan, Okla.—Dear Sir: Your inquiry of Feby. 14th referring to Parsons & Lawrence claim. In regard to claim filed by you Dec. 20, 1913, for $197.01 for alleged delay and damage to cattle shipped Dec. 16th from Sugden, I find that shipment arrived at Ft. Worth stock in ample time for market on the 17th, but were for some reason held by shippers until the 19th before selling them. Our delivery being good I cannot offer anything in settlement. Kindly advise your withdrawal of the claim, and oblige. Yours very truly,

"A. A. Dewing, Trav. Agt."

The evidence in the case conclusively establishes the fact that the defendant was not served with notice of loss or of injury as required by the shipping contract introduced.

It is not contended by plaintiffs that such notice was served; but the plaintiffs, hav-

ing introduced in evidence the letter quoted from the traveling agent of the defendant, urge that such letter constitutes a waiver of the provision in the shipping contract requiring such notice to be given. It is contended by counsel for plaintiffs that the rejecting of the claim for damages on other grounds than failure to comply with the provisions of the contract is a waiver of such defense.

The sole question presented by the brief in this case may be stated as follows:

"Can a railway company on an interstate shipment waive a provision in a shipping contract requiring that notice of a loss or damage shall be given in a specified time and manner?"

In cause No. 7826, Chicago, Rock Island & Pacific Railway Company v. Gray et al., 65 Oklahoma, 165 Pac. 157, this question has been decided in the negative. Judge Hooker, in rendering the opinion, cites an exhaustive line of authorities including decisions of the Supreme Court of the United States, all holding that such a provision is reasonable and valid, and cannot be waived by the company. For additional authorities see Wall v. Northern R. Co. (Mont.) 161 Pac. 518, and authorities there cited. Also Ray v. M., K. & T. R. Co., 96 Kan. 8, 149 Pac. 397, L. R. A. 1916D, 1046, and authorities there cited.

The judgment of the lower court is reversed, with instructions to render judgment in favor of the defendant.

By the Court: It is so ordered.