## CHICAGO, R. I. & P. RY. CO. v. BROCK-MEIER.

No. 7367—Opinion Filed Nov. 20, 1917.

(168 Pac. 1011.)

**1. Carriers—Live Stock—Loss or Injury—Notice.**

"Where an action is brought to recover damages upon an interstate shipment of live stock under a written contract containing the provision that, as a condition precedent to recovery of damages for any loss or injury to or detention of live stock or delay in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier within a day after delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such is a complete bar to such action."

**2. Same—Notice—Waiver.**

"The provision of said contract requiring notice is a condition precedent to the maintenance of an action, and must be substantially complied with by the shipper before he can maintain a cause of action against the carrier, and the carrier cannot waive the terms of the contract nor ignore those terms applicable to the conduct of the shipper, nor can the shipper hold the carrier to a different responsibility from that fixed by the contract; for a different view would antagonize the policy of the act and open the door to the very abuses which the act was aimed to prevent."

(Syllabus by Bleakmore. C.)

Error from County Court, Atoka County; Baxter Taylor, Judge.

Action by Fred Brockmeier against the Chicago, Rock Island & Pacific Railway Company. From a judgment of the county court for plaintiff, on appeal from a judgment in justice's court for plaintiff defendant brings error. Reversed.

John E. Du Mars, C. O. Blake, R. J. Roberts, and W. H. Moore, for plaintiff in error.

J. M. Humphreys, for defendant in error.

Opinion by BLEAKMORE, C. This action for damages, alleged to have been oc-

casioned by the negligent handling of an interstate shipment of cattle, was commenced on January 29, 1914, by Fred Brockmeier, as plaintiff, against the Chicago, Rock Island & Pacific Railway Company, in a justice court in Atoka county, wherein there was judgment for plaintiff, from which an appeal was had to the county court, where a like judgment was rendered, and defendant has brought the case here for review.

The parties entered into a written contract pursuant to federal enactment for the transportation of the cattle over the lines of the Chicago, Rock Island & Pacific Railway and the Missouri, Kansas & Texas Railway from Little Rock, Ark., to Atoka, Okla., in accordance with published tariffs and regulations, which contained the following provisions:

"Seventh. That as a condition precedent to claiming or recovering damages for any loss or injury to or detention of live stock, or delay in transportation thereof, covered by this contract, the second party, as soon as he discovers such loss or injury, shall promptly give notice thereof, in writing to some general officer, claim agent, or station agent of the first party, or to the agent of the first party, or to the agent at destination or to some general officer of delivering line, before such stock is removed from the point of destination as the case may be and before such stock is mingled with other stock; and such written notice shall in any event be served within one day after delivery of the stock at its destination, in order that such claim may be fully and fairly investigated. It is agreed that a failure to strictly comply with all the foregoing provisions shall be a bar to the recovery of any and all such claims."

"Fifteenth. That no suit or action against the first party for the recovery of any claim by virtue of this contract shall be sustainable in any court of law or equity unless suit or action be commenced within six months next after the cause of action shall occur; and should any suit or action be commenced against the first party after the expiration of six months, the lapse of time shall be constituted conclusive evidence against the validity of such claim, any statute of limitations to the contrary notwithstanding."

The shipment moved from Little Rock on April 15, and arrived at Atoka on April 17, 1913. Plaintiff failed to give notice as required by section 7 of the contract either to some general officer, claim agent, or station agent of the defendant, or to the agent of the delivering line at destination, or to some general officer thereof, and, although whatever loss or injury was suffered by reason of the alleged negligent transporta-

tion of the cattle in question, giving rise to the present cause of action, occurred on or prior to the date the shipment had reached its destination, this suit was not brought for more than nine months thereafter.

Upon the trial it was urged by plaintiff that, by reason of negotiations between him and defendant looking to a settlement and payment of the claim sued on, defendant had waived the terms of the contract requiring the giving of notice and the commencement of action within the time specified therein. Relative to this phase of the case the parties entered into the following stipulation:

"It having been found that practically all the plaintiff's exhibits, consisting of correspondence between Mr. Brockmeier, the plaintiff, and Mr. Bierman, general claim agent for the Missouri, Kansas & Texas Railway Company, and Mr. Bunger, claim agent for the defendant, have been lost through no negligence of either one of the parties hereto, the said letters and correspondence were introduced by the plaintiff in order to prove that the defendant had waived the provisions in the live stock contract and in view of this fact, it is therefore stipulated and agreed that if as a matter of law, the provisions and conditions and limitations, as to the time within which suit must be brought in the live stock contract can be waived by the carrier (the defendant in this case) then such provisions, conditions, and limitations were proved to have been waived by letters and correspondence, which were the plaintiff's exhibits."

The trial court overruled defendant's demurrer to the evidence, and refused its request to direct a verdict in its favor. The action of this court in this respect we regard as prejudicially erroneous.

The liability sought to be enforced is that of an interstate carrier for damages under an interstate contract of shipment, the validity of such contract and the power of the carrier to waive any of its provisions being dependent upon construction of the federal statutes which cover the field and are controlling.

The questions presented for review in this proceeding have been determined by this court, and also by the Supreme Court of the United States.

In Chicago, R. I. & P. Ry. Co. v. Gray et al., 65 Okla. 181, 165 Pac. 157, it is held:

"Where an action is brought to recover damages upon an interstate shipment of live stock under a written contract containing the provision that, as a condition precedent to recovery of damages for any loss or injury to or detention of live stock or delay

in transportation thereof, a written notice must be given of such damage to a designated representative of the carrier within a day after delivery of the stock at its destination, such provision being reasonable and valid, the failure to give such notice is a complete bar to such action. The provision of said contract requiring notice is a condition precedent to the maintenance of an action, and must be substantially complied with by the shipper before he can maintain a cause of action against the carrier, and the carrier cannot waive the terms of the contract nor ignore those terms applicable to the conduct of the shipper, nor can the shipper hold the carrier to a different responsibility from that fixed by the contract; for a different view would antagonize the policy of the act and open the door to the very abuses which the act was aimed to prevent."

In Chicago, R. I. & P. Ry. Co. v. Parsons et al., 62 Okla. 290, 162 Pac. 955, it is held:

"Under the Interstate Commerce Law (Act Feb. 4, 1887, c. 104, 24 Stat. 379), as construed by the Supreme Court of the United States a provision in an interstate shipping contract requiring as a condition precedent to the recovery of damages for loss or injury to or detention or delay in transportation of live stock, that a written notice must be given of such damage to the carrier within one day after arrival of the stock at destination is reasonable and valid, and failure to give such notice cannot be waived by the carrier."

In Chicago, R. I. & P. Ry. Co. v. Paden et al., 63 Okla. 51, 162 Pac. 727, it is held:

"Under the Carmack Amendment of June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 593, to Act. Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 ( U. S. Comp. St. 1913, § 8592 [U. S. Comp. St. 1916, §§ 8604a, 8604aa]), prohibiting exemptions from liability imposed by that act, a stipulation, in a contract for an interstate shipment of live stock, providing that no suit or action shall be sustainable in any court of law, or equity 'unless such suit or action be commenced within six months next after the cause of action shall occur,' is valid, binding, and enforceable. The rights and liabilities of the parties to an interstate railway shipment depend upon federal legislation, the contract or bill of lading under which the shipment is made, and common-law rules as accepted and applied in federal tribunals."

In Georgia, F. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 Sup. Ct. 541, 60 L. Ed. 948, it is said:

"It is urged, however, that the carrier in making the misdelivery, converted the flour and thus abandoned the contract. But the parties could not waive the terms of the contract under which the shipment was made pursuant to the federal act; nor could the carrier, by its conduct give the shipper the right to ignore these terms which were applicable to that conduct, and hold the carrier to a different responsibility from that fixed by the agreement made under the published tariffs and regulations. A different view would antagonize the plain policy of the act and open the door to the very abuses at which the act was aimed. Chicago & A. R. Co. v. Kirby, 225 U. S. 153, 166, 56 L. Ed. 1033, 1038, 32 Sup. Ct. Rep. 648, Ann. Cas. 1914A, 501; Kansas City Southern R. Co. v. Carl, supra; Atchison, T. & S. F. R. Co. v. Robinson, 233 U. S 173, 181, 58 L. Ed. 901, 905, 34 Sup. Ct. Rep. 556; Southern R. Co. v. Prescott, supra. We are not concerned in the present case with any question save as to the applicability of the provision, and, its validity, and as we find it to be both applicable and valid, effect must be given to it."

See, also, St. Louis, I. M. & S. Ry. Co. v. Starbird, 243 U. S. 592, 37 Sup. Ct. 462, 61 L. Ed. 917, wherein it was said:

"Since the passage of the Carmack Amendment, the state court must be held to have known that interstate shipments were covered by a uniform federal rule which required the issuance of a bill of lading, and that that bill of lading contained the entire contract upon which the responsibilities of the parties rested. This is the result not only of our holdings, but is universally held in the state courts."

It follows that the judgment of the trial court should be reversed.

By the Court: It is so ordered.