## MISSOURI, K. & T. R. CO. v. ISAAC & MARX.

No. 9152—Opinion Filed Oct. 12, 1920.

(Syllabus by the Court.)

**1. Carriers—Interstate Shipment—Liability for Loss or Damage—Measure.**

The liability of any carrier in the route over which an interstate shipment is routed, for loss or damage, is that imposed by the Federal Act as measured by the original contract of shipment so far as it is valid under the act.

**2. Same—Action for Damages to Cattle—Defenses—Shipment Contract.**

The carrier of an interstate shipment of cattle is not precluded from setting up in its answer the violation of certain provisions of the shipping contract by the shipper as a defense against an action for damages for injuries to stock occurring in transit merely because the plaintiff commenced his action in the form of a common-law action to recover damages to the stock in transit and for failure to deliver in a reasonable time.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Isaac & Marx, partners, against the Missouri, Kansas & Texas Railway Company for damages to live stock shipment. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Clifford L. Jackson, W. R. Allen, and M. D. Green, for plaintiff in error.

H. H. Smith and I. C. Sanders, for defendants in error.

KANE, J. This was an action for damages for injuries to an interstate shipment of live stock while in transit, commenced by the defendants in error, plaintiffs below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiffs" and "defendant," respectively, as they appeared in the trial court.

Upon trial to jury there was a verdict for the plaintiffs, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

There are numerous errors assigned by counsel for the defendant, but as in our view of the case the judgment of the trial court must be reversed and rendered upon two of the errors assigned, it will be unnecessary to notice any of the others. These assignments of error are summarized by counsel for defendant in their brief as follows:

"(1) The shipping contracts plead by the railway company and introduced in evidence control the rights and liabilities of the parties."

"(2) This suit cannot be maintained for the reason that the same was not instituted within six months after the cause of action accrued as required by the shipping contracts."

"(3) This action cannot be maintained because the defendants in error failed to comply with the provision of the contracts relative to notice of claim for damages."

Counsel for plaintiffs do not dispute the first proposition, that the liability of any carrier in the route over which an interstate shipment is routed, for loss or damage, is that imposed by the Federal Act as measured by the original contract of shipment so far as it is valid under the act. See Missouri, O. & G. R. Co. v. French, 52 Okla. 222, 152 Pac. 591. On the remaining contentions, which may be reviewed together, counsel for plaintiffs concede that shipping contracts containing the clauses relied upon for a defense were entered into by the parties and that these provisions were violated in the respects indicated above, but they say that these contracts are not controlling, "for the reason that this is an action for damages for the negligent manner and the delay in transportation of the stock, and it is strictly a common law action to recover damages to the stock in transit and for failure to deliver within a reasonable time."

In support of this position counsel cite St. Louis & S. F. R. Co. v. Shepard, 40 Okla. 589, 139 Pac. 833. The Shepard Case, which simply holds that a railway company cannot contract against its own negligence and that the provision of a shipping contract undertaking to do so constitutes no defense, is clearly not in point. The railway company in the case at bar is not seeking to avoid liability upon the ground that the shipping contracts set up in its answer absolve it from liability for its own negligence, but is taking the position that even if the injuries resulted from its negligence, the action cannot be maintained, (a) because it was not commenced within the time prescribed by the contract for commencing such action, and (b) because the plaintiffs failed to comply with the provisions of the contract relative to notice of claim for damages.

The plaintiffs, as we have seen, concede that the shipment was an interstate shipment and that the contract containing the violated provisions was entered into at the initial point of shipment, and seek to avoid the force of defendant's contentions by saying that the contract was not controlling on account of the form of their action. This position, in our judgment, is wholly untenable. If the plaintiffs could so frame their form of action as to prevent the carrier from availing itself of the provisions of the shipping contract, the discrimination prohibited by the Federal Act could be accomplished with little difficulty and carriers would be deprived of these well-recognized defenses. It is the usual practice for the plaintiff in actions of this kind to plead the common-law acts of negligence against the defendant without referring to the shipping contract, the railway company setting up the contract in its answer if it relies upon any of its provisions for a defense.

It has been repeatedly held by this court and the Supreme Court of the United States that the provisions of these shipping contracts cannot be waived by the parties, and that they must be enforced by the courts in accordance with their terms, for the reason that to do otherwise would open the way for discrimination by the carriers in favor of certain shippers, thus subverting one of the most important purposes of the Federal Act.

An examination of the cases by this court where similar provisions of shipping contracts have been sustained discloses that in the following cases the plaintiff set up the common-law grounds for recovery, the shipping contracts being set up in the answer of the railway company in defense as they were in the case at bar. St. Louis & S. F. R. Co. v. Taliaferro, 66 Oklahoma, 168 Pac. 438; St. Louis & S. F. R. Co. v. Driggers et al., 65 Oklahoma, 166 Pac. 703; C., R. I. & P. R. Co. v. Brightwell, 62 Okla. 149, 162 Pac. 484; M., K. & T. R. Co. v. Lynn, 62 Okla. 17, 161 Pac. 1058; C., R. I. & P. R. Co. v. Gray, 65 Oklahoma, 165 Pac. 157.

In the following cases it is not clearly shown from the opinion whether the shipping contract was set up in the petition or the answer. C., R. I. & P. R. Co. v. Brockmeier, 66 Oklahoma, 168 Pac. 1011; C., R. I. & P. R. Co. v. Parsons, 62 Okla. 290, 162 Pac. 955; C., R. I. & P. R. Co. v. Paden, 63 Okla. 51, 162 Pac. 727.

For the reasons stated, it appearing from the record before us that there is no issue of fact to be submitted to a jury, the judgment of the trial court must be reversed, with directions to render judgment in favor of the defendant.

All the Justices concur.